The answer of the defendant R. J. McLoughlin Company should be submitted.

---

(157 App. Div. 284.)

O'ROURKE v. PATTERSON et al.

(Supreme Court, Appellate Division, Second Department. May 23, 1913.)

1. PLEADING (§ 343*)—MOTIONS FOR JUDGMENT.

A motion, under Code Civ. Proc. § 547, for judgment on the pleadings after issue joined, will be treated ordinarily as though made at the opening of the trial, and the sufficiency of the complaint may be tested; but it is only when either party is entitled to judgment that the court may award it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

2. INTERPLEADER (§ 37*)—NATURE OF REMEDY—STATUTORY PROVISIONS.

Interpleader, under Code Civ. Proc. § 820, is a substitute for the old action of interpleader; and the fund in controversy becomes the subject of the action, and the question to be determined is to whom it belongs.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 77, 80; Dec. Dig. § 37.*]

3. PLEADING (§ 350*)—MOTION FOR JUDGMENT—COMPLAINT.

The court, on motion, under Code Civ. Proc. § 547, for judgment on the pleadings, will consider the complaint only.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

4. INSURANCE (§ 629*)—LIFE INSURANCE—ACTIONS—COMPLAINT—SUFFICIENCY.

A complaint in an action on life policies, alleging the incorporation of the insurance company and the appointment and qualification of plaintiff as administrator of insured, and averring that plaintiff's intestate took out policies on his life, naming his parents as beneficiaries, and paid the premiums until his death, that the beneficiaries predeceased insured, and that notice and proof of insured's death were duly served, states a cause of action, under the rule that where a person procures insurance on his life for the benefit of one who sustains a domestic relationship other than that of wife or child, and pays the premiums. his representative is entitled to the proceeds in case insured survives the beneficiary and does not assign the policy after the beneficiary's death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1575–1580, 1584–1586, 1592, 1598; Dec. Dig. § 629.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Westchester County.

Action by Michael O'Rourke, as administrator of Thomas O'Rourke, deceased, against Annie Patterson, substituted in place of the original defendant. From an order denying an application for judgment on the pleadings, said defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Jerome C. Jackson, of New York City (John H. Coyne, of Yonkers, on the brief), for appellant.

Edward G. McAnaney, of Yonkers, for respondent.

STAPLETON, J. The appeal is from an order denying the motion of the defendant Patterson for judgment on the pleadings after the joinder of issue. The action is brought to recover the amount of two insurance policies. It was originally instituted against a life insurance company. The defendant Patterson appears to have been substituted in the place of the original defendant. The pleadings upon which the present motion is made are a complaint, an answer, and a reply.

The complaint is lean; it does not set out the contract, and simply alleges the incorporation of the original defendant and the appointment and qualification of the plaintiff as the administrator of the goods, chattels, and credits of Thomas O'Rourke, deceased. It further alleges that plaintiff's intestate "took out" two policies of insurance on his life, naming his mother as the beneficiary in one and his father as the beneficiary in the other, and paid the weekly premiums until his death; that the beneficiaries died before the insured; that the insured died on the 10th day of December, 1910; and that notice and proof were duly served.

The answer of the defendant Patterson denies none of the essential facts, except that the intestate paid the premiums, and expressly admits many of them. She alleges a counterclaim that on the 15th day of April, 1907, the plaintiff's intestate assigned and delivered to her the premium books and the policies referred to in the complaint, that he was at the time indebted to her in divers sums of money, that the assignment was made in extinguishment of the indebtedness, and that thereafter and until the death of the insured she paid the premiums due upon the policies. The reply denies all the material allegations of the counterclaim.

[1] The motion under section 547 of the Code of Civil Procedure, where an answer has been interposed, is to be treated ordinarily as though made at the opening of the trial. Olsen v. Singer Mfg. Co., 143 App. Div. 142, 144, 127 N. Y. Supp. 697; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. The sufficiency of the complaint may be tested. Ship v. Fridenberg, 132 App. Div. 782, 784, 117 N. Y. Supp. 599. In Schleissner v. Goldsticker, 135 App. Div. 435, 436, 120 N. Y. Supp. 333, 335, speaking of the section, the court said:

"The section permits a party to a litigation, after issue has been joined and each has alleged by way of complaint or defense what he deems advisable, to test the right of either to judgment on the pleadings by motion, without waiting for the cause to be reached upon the trial calendar, and we have held that such procedure is analogous to a motion at the opening of the trial.

Clark v. Levy, 130 App. Div. 389 [114 N. Y. Supp. 890]. The court has established a practice on such motion analogous to that upon demurrer, and in a proper case has held that a party whose pleading has been found insufficient should be permitted upon proper terms to amend."

[2] By the express terms of the statute, it is only when either party is entitled to judgment that the court may upon motion award it. The moving defendant has been interpleaded under section 820 of the Code of Civil Procedure, which is a substitute for the old action of interpleader. Burritt v. Press Publishing Co., 19 App. Div. 609, 610, 46 N. Y. Supp. 295. The fund became the subject of the action. The contest relates to it. The question to be determined is: To whom does it belong? Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991.

[3] For the purposes of this motion, we consider the complaint only. The insured contracted in his own name for the ultimate benefit of a designated beneficiary, and paid the premiums from the issuance to the maturity of the policy. The insured survived the beneficiary. The insured did not have the designation changed. What is the rule of law, applicable to that state of facts, by which the person to whom the insurer must make payment may be indicated? No certain guidance will be gathered from the cases where the relation of wife, child, assignee, or creditor was a determining factor, or where a statutory provision was a controlling circumstance, or where a phrase in the contract itself, extending its beneficial provisions to other persons, classes, or representatives, was a conclusive feature. The learned trial justice was of the opinion that Bickerton v. Jacques, 28 Hun, 119, was an authority for holding that the case at bar stated a good cause of action. The syllabus faithfully and concisely states the facts and the determination of the case as follows:

"Henry R. Jacques procured a policy of insurance upon his life for $2,000, payable upon his death to his sister Elizabeth. She died during his lifetime. Thereafter he surrendered the policy and took out another one for the same amount, payable upon his death to his nephew David. He always retained the policies in his own possession, paid the premiums falling due upon the first one, and allowed the dividends declared upon the second to be applied to the payment of the premiums accruing upon it. His sister had lived with him, taking care of his household and family for many years prior to her death, and was entirely dependent upon him for her support and maintenance. Held, that the rights of the insured over the policy depended upon what his intentions were when he obtained the insurance, as such intentions could be gathered from the attending circumstances; that in this case he had power to surrender the policy upon the death of his sister without the consent of her representatives; and that the nephew and not the representatives of the sister was entitled to receive the amount payable under the second policy."

[4] The facts conceded in that case, and not alleged in the complaint under examination, are that the original policy was surrendered and another issued, payable to another beneficiary. We are inclined to think, however, that these facts are not controlling in distinguishing that case from the one at bar, because, if the policy vested in the representatives of the first beneficiary, the acts of the insured would be inefficient to wrest from her representatives their rights. Garner v. Germania Life Ins. Co., 110 N. Y. 266, 272, 18 N. E. 130, 1 L. R.

A. 256. In Washington Central Bank v. Hume, 128 U. S. 195, 205, 9 Sup. Ct. 41, 44 (32 L. Ed. 370), the court said:

"The wife and children have an insurable interest in the life of the husband and father, and if insurance thereon be taken out by him, and he pays the premiums and survives them, it might be reasonably claimed, in the absence of a statutory provision to the contrary, that the policy would inure to his estate."

On the motion for a reargument in Eadie v. Slimmon, 26 N. Y. 9, 17, 82 Am. Dec. 395, the court, by Denio, C. J., said:

"By the general rules of law a policy on the life of one sustaining only a domestic relationship to the insured would become inoperative by the death of such insured in the lifetime of cestui que vie, or, if it could be considered as existing for any purpose after that event, it would be for the benefit of the personal representatives of the insured."

See, also, Barry v. Equitable Life Assurance Society, 59 N. Y. 587, 593; Garner v. Germania Life Ins. Co., supra; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Dunn v. New Amsterdam Casualty Co., 141 App. Div. 478, 479, 126 N. Y. Supp. 229.

In Barry v. Equitable Life Assurance Society, supra, the court passed upon a policy procured by a husband, insuring his life for his wife's benefit, the husband paying the premiums, and considered it in contemplation of the act of the Legislature of the state of New York entitled "An act in respect to insurances for lives, for the benefit of married women," passed April 6, 1840, and the subsequent acts amendatory thereof. The court said:

"Without that act, when this policy was issued, the insurance money, being for premiums paid out of the funds or property of the husband, could not have been retained from the personal representatives or creditors."

In Bradshaw v. Mutual Life Ins. Co., 187 N. Y. 347, 80 N. E. 203, 10 Ann. Cas. 266, it was held, as correctly stated in the syllabus, that:

"A wife has a contingent, not an absolute, interest in a policy of life insurance issued upon the application of her husband, who paid the premiums and made it payable to her 'for her sole use, if living, in conformity with the statute, and if not living to their children or their guardian for their use.' Her interest is solely dependent upon her surviving her husband, and in that event only is she entitled to dispose of the policy by will. In case of her death without issue before her husband, the proceeds upon his death pass, not to her, but to her husband's executors."

We think the rule is that where a person procures insurance on his own life for the benefit of a person who sustains to him a domestic relationship other than that of wife or child, and pays the premiums thereon, his representative is entitled to the proceeds of the policy in case he survives his beneficiary and does not assign the policy after the beneficiary's death. The complaint states a cause of action within this rule.

The order should be affirmed, with $10 costs and disbursements. All concur.