KERWIN, Appellant, vs. CHIPPEWA SHOE MANUFACTURING COMPANY, imp., Respondent.

*May 5—May 23, 1916.*

*Negligence: Injury from nails in shoes: Liability of manufacturer.*

A manufacturer of shoes who fastened the soles with nails in such a way as to give them the appearance of being sewed is not liable to one who was induced by such deception to purchase the shoes from a retailer and was injured by nails penetrating his foot and causing infection,—the nailed sole not being inherently dangerous, and the deceptive or negligent manner of constructing the shoe not rendering it so imminently dangerous to the life, limb, and health of the wearer that the manufacturer ought to have anticipated that it naturally and probably would produce such an injury.

APPEAL from an order of the circuit court for Douglas county: JAMES WICKHAM, Judge. *Affirmed.*

This is an action brought by the plaintiff to recover damages for injuries alleged to have been sustained by reason of the wrongful and negligent conduct of the defendants.

The complaint alleges that the *Chippewa Shoe Manufacturing Company* owned and operated a shoe factory in the city of Chippewa Falls; that they were engaged in the manufacture and sale of men's shoes to retail dealers; that the company manufactured a shoe known as "Original Chippewa Shoes" and sold some of these shoes to the defendant Rovelsky, a retailer; that in the month of July, 1914, the plaintiff called at the store of the defendant Rovelsky for the purpose of buying a pair of shoes; that he explained to Rovelsky that he wanted shoes that had the soles sewed on and not nailed; that Rovelsky sold him a pair of "Original Chippewa Shoes," representing that the soles were sewed on; that shortly after plaintiff had purchased the shoes and while wearing them in the usual way a nail or nails in the sole of the left shoe penetrated the plaintiff's left foot, from which infection resulted, and the plaintiff had to have several operations to save his leg, and finally had to have some of the bones of the foot removed; that these shoes, in truth and in fact, had nails in the soles to fasten them; that this fact was known to the defendant shoe company at the times it made and sold the shoes to Rovelsky and at the time plaintiff bought them; that the defendant shoe company knew such nails were dangerous to the life, limb, and the health of any person wearing them; that the company so constructed the shoes as to give them the appearance of being sewed and that this was intended to and did deceive the public and the plaintiff, which deception induced the plaintiff to buy and wear the shoes and to cause him the injuries complained of. It is further alleged that the defendant shoe company in the exercise of reasonable care would have known that the negligent and improper placing and locating of the nails would cause injuries such as the

plaintiff received; that plaintiff was in the exercise of ordinary care in the purchase and use of the shoes, and that he did not and in the exercise of ordinary care could not know of the existence of the nails or of the danger therefrom until after his foot had been penetrated and the resulting infection had been occasioned.

The defendant the *Chippewa Shoe Manufacturing Company* demurred to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The defendant J. Rovelsky did not demur, but answered the complaint, so the question of his liability is not here involved. The circuit court sustained the demurrer of the defendant the *Chippewa Shoe Manufacturing Company,* and it is from the order sustaining the demurrer that this appeal is taken.

For the appellant the cause was submitted on the brief of *W. P. Crawford.* He cited *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157; *Haley v. Swift & Co.* 152 Wis. 570, 140 N. W. 293; *Statler v. Geo. A. Ray M. Co.* 195 N. Y. 478, 88 N. E. 1063; *MacPherson v. Buick M. Co.* 153 App. Div. 474, 138 N. Y. Supp. 224; *Olds M. Works v. Shaffer,* 145 Ky. 616, 637, 140 S. W. 1047; *Johnson v. Cadillac M. C. Co.* 194 Fed. 497; *Cadillac M. C. Co. v. Johnson,* 221 Fed. 801; *Gerkin v. Brown & Sehler Co.* 177 Mich. 45, 143 N. W. 48; *Pullman Co. v. Ward,* 143 Ky. 727, 137 S. W. 233; *Mazetti v. Armour & Co.* 75 Wash. 622, 135 Pac. 633; *Ketterer v. Armour & Co.* 200 Fed. 322; *Roberts v. Anheuser Busch B. Asso.* 211 Mass. 449, 98 N. E. 95; *Wilson v. J. G. & B. S. Ferguson Co.* 214 Mass. 265, 101 N. E. 381; *Peterson v. Standard Oil Co.* 55 Oreg. 511, 106 Pac. 337; *Cunningham v. C. R. Pease H. F. Co.* 74 N. H. 435, 69 Atl. 120, 20 L. R. A. N. S. 236; *Marsh v. Usk H. Co.* 73 Wash. 543, 132 Pac. 241.

For the respondent there was a brief by *Murphy & Browne,* attorneys, and *T. J. Connor,* of counsel, and oral argument by *J. Howard Browne.*

SIEBECKER, J.   The plaintiff claims that the defendant shoe company is liable to him under the rule which holds a manufacturer or dealer in articles liable to persons other than the immediate purchaser for injuries caused by the wrongful and negligent conduct of the manufacturer or dealer.   The general rule of liability of a manufacturer or seller of an article to persons other than his immediate purchaser was considered and applied in *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157.   It was there held that, as a general rule, a manufacturer or dealer of an article is not liable to persons other than the immediate purchasers of such articles, for want of any contractual relationship and privity between the manufacturer and the persons buying from the manufacturer's immediate purchaser.   The court also recognized the well established exceptions to this rule under which it has been held that the law imposes a duty on a manufacturer or seller of an imminently dangerous article, in favor of the user or consumer of such article, to exercise care for their protection commensurate with the peril and dangers involved. Under the following exceptional facts and circumstances a manufacturer or dealer was considered to be liable to third persons if such article causes an injury which was reasonably to be anticipated:

(1) "A manufacturer or dealer who puts out, sells, or delivers, without notice to others of its dangerous qualities, an article which invites a certain use, and which article is not inherently dangerous, but which by reason of negligent construction he knows to be imminently dangerous to life and limb, or is manifestly dangerous when used as it is intended to be used."

(2) "A manufacturer or dealer who puts out and sells articles inherently dangerous, without notice of their dangerous nature, or with a misleading notice, or negligently in any other way."

(3) "A manufacturer or dealer who makes and sells an article intended to preserve or affect human life is liable to third persons sustaining injury caused by his negligence in preparing, compounding, labeling, or directing the use of the article."

It is clear from the facts alleged in the complaint that the last foregoing (3) class of cases does not embrace this case. It remains to be ascertained whether the facts alleged constitute a cause of action which is embraced in either of the other two classes above specified. It is obvious from the allegations of the complaint that the presence of a nail in the sole of the shoe plaintiff wore is the danger complained of in this case as the proximate cause of his injury. The allegations of the complaint must be interpreted in view of this fact. The allegations to the effect that plaintiff desired and could only wear shoes having sewed soles and that the defendant Rovelsky warranted the shoes to be such shoes cannot affect the responsibility of the manufacturer. Much stress is placed in argument on the allegation that the defendant knew, or in the exercise of reasonable care should have known, that nails were used in soling the shoes and that such nails were imminently dangerous to the life, limb, and health of the wearer, in that such nails would, without the knowledge of the wearer, "penetrate through the skin into the flesh of the foot, causing and resulting in infection, blood-poisoning, and the consequences thereof." We must interpret these allegations in their ordinary significance in the light of common knowledge. It is obvious that a nail used to fasten a shoe sole is not of an inherently dangerous nature. To say otherwise would be a contradiction of the universal experience of mankind in wearing "nail-soled shoes." Can it then be said that a nail used to fasten on a shoe sole, in a deceptive or negligent manner in the construction of the shoe, rendered the shoe so imminently dangerous to the life, limb, and health of the wearer that the defendants ought to have anticipated that it naturally and probably would produce such an injury? The facts alleged do not present a case of such an inherent danger in the material used or the manner of manufacturing the shoe. Nor do the facts stated show that the alleged negligent manner of constructing the shoe made it an imminently dangerous ar-

ticle in the light of the nature of the defect and the uses and purposes for which it was designed.

Under these facts and circumstances of the case it must be held that the complaint fails to state a cause of action against the defendant *Chippewa Shoe Manufacturing Company,* and the court properly sustained the demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.

KERWIN, J., took no part.