ROSALIND M. FIELD, Respondent, *v.* EMPIRE CASE GOODS COMPANY, Appellant.

Second Department, July 31, 1917.

Negligence — liability of manufacturer of wooden bedstead to third person for injuries sustained by its collapse — judgment on pleadings — practice — judicial notice.

As a general rule an action for negligence cannot be maintained by a third person against the manufacturer of an article not in and of itself imminently and inherently dangerous.

An ordinary wooden bedstead is not an article which is reasonably certain to place life and limb in peril when negligently constructed or which of itself in the use to which it is intended to be put gives any warning of dangerous circumstances attending its use, and the manufacturer is not charged with knowledge of danger in its contemplated use " not merely possible but probable."

Hence, where in an action to recover for personal injuries alleged to have been sustained through the negligence of the defendant in the improper and negligent construction of a bed which collapsed while the plaintiff was lying upon it and about to be delivered of a child, it was alleged that the defendant was negligent in failing to use sufficiently strong strips of wood on the inner sides of the sidepieces which formed a support for the slats and did not properly fasten the same and said pieces gave way allowing the plaintiff to drop to the floor, defendant's motion for judgment on the pleadings was properly granted.

The court in such a case, aided by the allegations of the complaint, may take judicial notice of the construction of the bed.

A motion for judgment on the pleadings where an answer is interposed is to be treated as though made at the opening of the trial and the practice on such motion is analogous to that upon a demurrer.

Jenks, P. J.,. and Thomas, J., dissented.

Appeal by the defendant, Empire Case Goods Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 13th day of May, 1917, denying its motion for judgment on the pleadings consisting of a complaint and answer.

*Charles A. Ogren,* for the appellant.

*Jacob C. Brand* [*H. Robert Burney* with him on the brief], for the respondent.

Rich, J.:

The action is to recover for personal injuries alleged to have been sustained through the negligence of defendant in the improper and negligent construction of a bed, which collapsed while plaintiff was lying upon it and about to be delivered of a child.

The complaint alleges that the defendant is a corporation engaged in the business of manufacturing and selling to retail dealers in household furniture; that prior to August, 1915, it manufactured and sold to a retail firm a Circassian walnut bed; that in said month of August said retail firm sold and delivered said bed to the plaintiff; that " said bed was made, constructed or manufactured by the defendant for the purpose of a sale to any person or firm or corporation who might buy the same, and with the intent and purpose of having the same used by any person who should purchase it and into whose possession it should come, no matter through how many intermediate dealers it might pass;" that on or about July 23, 1916 (nearly a year after its purchase by plaintiff) while she was properly and carefully in said bed in her home, in a pregnant condition and about to be delivered of a child, the strips of wood fastened or attached on the inner sides of said bed, upon which the slats rested, suddenly broke and gave way, precipitating plaintiff to the floor, by reason of which, and caused thereby, she suffered the injuries for which she seeks to recover. The 7th allegation is as follows: " That

the said occurrence and the injuries to plaintiff resulting therefrom were due wholly to the carelessness and negligence of the defendant, in that it caused and permitted said bed to be made, constructed or manufactured, in a careless, negligent and unsafe manner; in failing to use good, strong and proper materials in the construction of same; in using strips of wood and other materials in the making or construction of said bed that would not and could not stand the weight and strain of the ordinary uses to which said bed was put, and to which it was made and intended to be put; in causing and permitting nails to be used in fastening or securing said strips of wood to the sides of said bed which were of insufficient size, quality and strength for the use and purpose to which they were put therein; and in other respects in failing to exercise reasonable care, diligence and prudence in the premises, and that plaintiff was entirely free from any fault or negligence in the premises on her part contributing thereto."

The answer admits that defendant is a corporation engaged in the business of manufacturing furniture and selling the same to dealers; that R. H. Macy & Company (to whom the plaintiff alleges such bed was sold by defendant and from whom she purchased it) conducts a retail department store at Herald Square, New York city, and denies and puts in issue the other allegations of the complaint.

The learned Special Term reached the conclusion that " If the plaintiff can sustain the allegations contained in the seventh paragraph of the complaint by competent and credible evidence, then and in that event she has made out a good cause of action in negligence against the defendant and is entitled to a trial by jury."

A motion for judgment on the pleadings, where an answer is interposed, is to be treated as though made at the opening of the trial, and the practice on such motion is analogous to that upon a demurrer. For the purposes of the motion, the complaint only is to be considered, and the facts therein alleged must be deemed true. (*O'Rourke* v. *Patterson,* 157 App. Div. 284.)

The plaintiff bases her right of recovery solely upon defendant's negligence, and relies upon *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) and *Quackenbush* v. *Ford Motor Co.* (167

App. Div. 433) to sustain the contention of defendant's liability. Both of these cases involved the negligent construction of automobiles designed and intended to travel through public streets and roads at great speed — in the *MacPherson* case fifty miles an hour — and in the latter case there was in addition a violated duty of inspection, the court, speaking with reference to the defective wheel causing the accident, saying: " There is evidence, however, that its defects could have been discovered by reasonable inspection, and that inspection was omitted," and weight is given to these facts and the failure to make the ordinary and simple tests required in reaching a decision, which is founded thereon. No such facts are involved in the case at bar. In the *Quackenbush* case the defect was the failure of the manufacturer to equip the automobile sold with proper brakes and in negligently assembling such car, because of which it could not be controlled, which presumably could have been ascertained by inspection. The principle of the decision is that the manufacturer had no right to send out a car which was not properly tested, and " Having disregarded this duty to the public in general, including the purchaser, the manufacturer is liable for the injury growing out of such negligence," a quite different principle from that involved in the case at bar. In the *MacPherson* case, now the leading and controlling case on this branch of the law, the subject of the liability of a manufacturer to a third person is learnedly and exhaustively considered and presented, with a citation and discussion of all the leading American and English cases in which that question was involved. While the court held that the principle of *Thomas v. Winchester* (6 N. Y. 397), which was the primary case in this State and laid the foundation of this branch of the law and the earlier cases based upon it had been extended and a more liberal spirit evinced in later cases, which were cited and discussed, the law of this State at the present time on the question of the liability of manufacturers to third persons sustaining injury through the use of the manufactured product is stated as follows: " We hold, then, that the principle of *Thomas v. Winchester* is not limited to poisons, explosives, and things of like nature, to things which in their normal operation are implements of destruction. If the nature of a thing is such

that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. * * * There must be knowledge of a danger, not merely possible, but probable. It is *possible* to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract." It is clear, therefore, that an action cannot be maintained upon the facts alleged in the complaint, which do not remove the case from the general rule that an action for negligence cannot be maintained by a third person against the manufacturer of an article not in and of itself imminently and inherently dangerous. An ordinary bed is not an article that is reasonably certain to place life and limb in peril when negligently constructed, or which of itself, in the use to which it is intended to be put, gives any warning of dangerous consequences attending its use, and the manufacturer is not charged with knowledge of danger in its contemplated use, " not merely possible, but probable." An ordinary wooden bed is such a common article and in such universal use, its manner of construction and method of use having remained the same for generations, that we may take judicial notice of its construction, especially when aided by the allegations of the 6th and 7th subdivisions of the complaint, and of the fact that the strips of wood on the inner sides of side pieces which form a support for slats laid crosswise but a short distance from the floor, sometimes give way. The drop to the floor, however, is so slight, and the body of the occupant usually so well surrounded by protecting bedding, that bodily injuries cannot be reasonably expected to result therefrom. Such a bed is not inherently or imminently dangerous to life or limb, and it is shown in the case at bar by the fact that this bed had been in use for nearly a year preceding the accident, without indication of weakness or defective construction.

Second Department, July, 1917.　　　　[Vol. 179.

The order is reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings is granted, with ten dollars costs.

STAPLETON and MILLS, JJ., concurred; JENKS, P. J., and THOMAS, J., dissented.

Order reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings granted, with ten dollars costs.