(March 11, 1922.)

## Y. H. ABERCROMBIE, Appellant, v. UNION PORTLAND CEMENT COMPANY, a Corporation, Respondent.

[205 Pac. 1118.]

VENDOR OR MANUFACTURER—BREACH OF WARRANTY—CONTRACTUAL RELATION.

The general rule, to which there are certain well-established exceptions, is that a manufacturer or vendor of an article is not liable to any person other than the immediate purchaser of such article because of defect therein.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Publisher's Note.

Liability of manufacturer or packer of defective article for injury to person or property of ultimate consumer, who purchased from a middleman, see note in 17 A. L. R. 672.

Action for damages. From judgment for defendant, plaintiff appeals. *Affirmed.*

J. C. Johnston, for Appellant.

A person or corporation manufacturing any article and placing it upon the market for sale to the public is liable for the defective quality of his or its goods, and if any damage arises from the defective quality of his or its goods, the company or person is liable in law for such damage. (29 Cyc. 484–486, note (b); *Bright v. Barnett Record Co.,* 88 Wis. 299, 60 N. W. 418; 26 L. R. A. 524; *Hayes v. Philadelphia etc. Coal & Iron Co.,* 150 Mass. 457, 23 N. E. 225; Wharton on Negligence, sec. 24; *Quackenbush v. Ford Motor Co.,* 167 App. Div. 433, 153 N. Y. Supp. 131.)

Where the manufacturer places his goods upon the market for a special purpose and represents the same to be the best upon the market and solicits and invites the public, the law makes the manufacturer liable on the ground that the goods or articles shall be reasonably fit for such purpose. (*French v. Vining,* 102 Mass. 135, 3 Am. Rep. 440; C. S., sec. 5687, subd. 1; Bishop on Noncontract Law, secs. 446, 1074; *Talley v. Ayers,* 3 Sneed (35 Tenn.), 677; *Erie City Iron Works v. Barber & Co.,* 102 Pa. St. 156.)

Hays, Martin, Cameron & Hays, for Respondent.

"The general rule is that a contractor, manufacturer, vendor or furnisher of an article is not liable to third parties who have no contractual relations with him, for negligence in the construction, manufacture or sale of such article." (2 Cooley, Torts, 3d ed., 1486; 29 Cyc. 478, 479; *Field v. Empire Case Goods Co.,* 179 App. Div. 253, 166 N. Y. Supp. 509.)

DUNN, J.—Appellant brought this action against respondent to recover damages sustained by him by the use of certain cement manufactured by respondent and sold to appellant by one Charles D. Story. Appellant claims the right

to recover from respondent because of his reliance upon certain representations made by respondent as to the excellent quality of the cement when properly mixed with other ingredients and used for the purpose for which cement is generally and commonly used and because of the failure of said cement to become hard, firm and compact, as respondent had represented in its advertisements. A general and special demurrer to this complaint was filed by respondent, which was overruled by the court, and thereupon trial was had before a jury, which returned a verdict against appellant. Judgment for costs was entered against appellant and he appealed.

Several errors are assigned by appellant which we think it will be unnecessary to examine, since respondent is pressing its demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, and an examination of the complaint convinces us that the demurrer should be sustained.

Respondent contends that the complaint is fatally defective for the reason that it does not show a contractual relation between appellant and respondent.

The rule governing this class of cases, which we think is supported by the great weight of authority, is laid down in Cyc. as follows:

"The liability of a vendor or manufacturer for negligence, except as regulated by contract, must arise from breach of a duty which he owes to the public.

"Although it has been said that the duty which he owes to the public, for breach of which one injured may recover, is limited to instruments and articles in their nature calculated to do injury, such as are essentially elements of danger, and to acts that are ordinarily dangerous to life and property; and that if the wrongful act be not imminently dangerous to life and property, the negligent vendor is liable only to the party with whom he contracted, it will appear on the contrary that the vendor or manufacturer may be held liable to persons with whom he has no contractual relation, for injury caused by mere negligence in the

manufacture of an article harmless in kind, but made dangerous by defect, and knowingly putting such article upon the market in the ordinary course of business without notice of such defect. A more explicit statement of the law exonerates the vendor or manufacturer from liability for negligence to persons with whom he has no contractual relation, as a general rule, with three exceptions, as follows: (1) Where the negligent act is imminently dangerous and is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life; (2) where the act is that of an owner, combined with an invitation to the party thereby injured, to use the defective appliance on such owner's premises; (3) where the act consists in the sale and delivery of an article, with knowledge of undisclosed danger and without notice of its qualities whereby any person is injured in a way that might reasonably have been expected." (29 Cyc. 478, 4 a and b; 24 R. C. L., p. 512, sec. 804; *National Sav. Bank of the District of Columbia v. Ward,* 100 U. S. 195, 25 L. ed. 621; 2 Cooley on Torts, 3d ed., 1486; *Huset v. J. I. Case Threshing Machine Co.,* 120 Fed. 865, 57 C. C. A. 237; *Bragdon v. Perkins-Campbell Co.,* 87 Fed. 109, 30 C. C. A. 567; *Kerwin v. Chippewa Shoe Mfg. Co.,* 163 Wis. 428, 157 N. W. 1101, L. R. A. 1916E, 1188. See, also, 24 R. C. L., p. 158, sec. 431.)

Appellant attempts to bring himself within the provisions of C. S., sec. 5687, subd. 1, which reads as follows: "1. Where the buyer, expressly or by implication, makes known to the seller, the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

The difficulty with this position of appellant, if there were no other, is that this provision of the Idaho law applies to a contractual relation between the seller and the buyer, and appellant is not suing the seller, but the manufacturer, with whom he has had no dealings so far as the complaint discloses. The complaint in the particular mentioned is fatally

---
Points Decided.
---

defective.    The judgment of the trial court must be affirmed, and it is so ordered.    Costs awarded to respondent.

Rice, C. J., and Budge and Lee, JJ., concur.

McCarthy, J., being disqualified, took no part.