Margaret La Frumento, Plaintiff, v. Kotex Company, Defendant.

City Court of New York, January 27, 1928.

**Sales — negligence of manufacturer — complaint alleges injuries suffered arising from defendant manufacturer's negligence in permitting large manifold pin to be concealed in sanitary napkin — complaint sufficient.**

The complaint in this action, which alleges that plaintiff suffered injuries arising from defendant's negligence in permitting a large manifold pin to be concealed in a sanitary napkin manufactured by defendant and sold to a druggist, who in turn sold it to the plaintiff, states a good cause of action, since, if defendant so placed the pin, it could, in all probability, cause injury for which a jury might well award plaintiff damages, because the pin was inherently and imminently dangerous.

Motion by defendant to dismiss complaint for failure to state cause of action.

*Robert H. Rosenthal,* for the plaintiff.

*Wise, Whitney & Parker* [*Francis C. Lowthrop* of counsel], for the defendant.

Evans, J. Plaintiff's complaint says that defendant is the manufacturer of a product known as Kotex, which it sold to a druggist, who in turn sold it to her. She says that defendant so carelessly and negligently manufactured, handled, and packed that sanitary napkin that a large manifold pin was permitted to be concealed in the package, as a result of which she was injured. Defendant says that all that does not state a cause of action, and moves to dismiss the complaint, relying upon *Hasbrouck* v. *Armour & Co.* (139 Wis. 357). I find that that case has been distinguished (*Garvey* v. *Namm,* 136 App. Div. 815) but never approved by the courts of this State. *Field* v. *Empire Case Goods Co.* (179 App.

Div. 253), though not mentioning the *Hasbrouck* case, may be said to follow the principle there laid down, although the case did not deal with an article inherently and imminently dangerous. The manifold pin so placed, in an article to be used on the human body, could in all probability cause injury, and was, therefore, inherently and imminently dangerous. So that there is a clear distinction between the *Field* case and the case at bar. At all events, after the decision of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) it could no longer be said that the *Hasbrouck* case is decisive at bar. It was there said by Judge CARDOZO that, while subtle distinctions might be drawn between things inherently dangerous and things imminently dangerous, a case may not go upon such verbal niceties. The true test is, as the judge points out: " If danger was to be expected as reasonably certain, there was a duty of vigilance, and this whether you call the danger inherent or imminent." If it be true that defendant negligently permitted a large manifold pin to be concealed in a Kotex pad, and for that reason plaintiff was injured about her body, a jury might well award her damages. The motion to dismiss the complaint must be denied, with ten dollars costs.