EMMA JARONIEC, Respondent, *v.* C. O. HASSELBARTH, INC., Appellant.

Third Department, March 29, 1928.

**Negligence — persons liable — action for personal injuries suffered when sharp metal points in mattress lacerated plaintiff's body and caused infection — complaint alleges that mattress was manufactured by defendant but does not allege that it was purchased from defendant — complaint does not allege freedom from contributory negligence — complaint dismissed.**

The plaintiff was injured by sharp metal points which were imbedded in a mattress and which lacerated plaintiff's body and caused infection. ‖ The complaint does not state facts sufficient to constitute a cause of action against the defendant and should be dismissed.‖ While the complaint alleges that the mattress was manufactured by the defendant it does not allege that it was purchased from defendant nor does it allege freedom from contributory negligence.

Recovery could be had against the defendant on the allegations stated only if a mattress were an article imminently dangerous when put to the use intended if negligently made and the manufacturer thereof had knowledge of the danger that would in all probability arise.

A mattress is in no sense a thing inherently and imminently dangerous when put to its proper uses even though negligently constructed.

DAVIS and HILL, JJ., dissent, with memorandum.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Albany on the 7th day of November, 1927, dismissing the complaint herein, pursuant to a motion made under rule 106 of the Rules of Civil Practice.

*Daniel J. Dugan, Isadore Bookstein* and *Avrom M. Jacobs,* for the appellant.

*Earle J. Wiley,* for the respondent.

HINMAN, J. The sufficiency of the complaint to state a cause of action is involved in the appeal before us. The complaint alleges that the defendant is engaged in the business of manufacturing mattresses; " that on or about August 15, 1927, the plaintiff purchased a mattress made by the defendant and bearing the mark or stamp of the defendant and used said mattress for its proper purpose, that is to lie on; * * * that said mattress manufactured by the defendant was improperly and negligently made in that it contained sharp points of metal such as are used on the carding machines which pick the filling for such mattress; * * * that because of such negligence and carelessness of the defendant, its servants, or agents, the plaintiff sustained injuries in the nature of lacerations and cuts together with infection; " that because of such injuries plaintiff was damaged for which she demands judgment against the defendant.

The right to recovery is not based upon a breach of warranty, express or implied, but even if so such a right would not exist unless there was some contractual relation between the plaintiff and the defendant and none is alleged. (*Chysky* v. *Drake Bros. Co.,* 235 N. Y. 468.) The complaint alleges that the plaintiff " purchased a mattress made by the defendant and bearing the mark or stamp of the defendant." It does not allege that the plaintiff purchased the same from the defendant. " The cases establish the legal principle that one who sells an article knowing it to be dangerous by reason of concealed defects is guilty of a wrong, without regard to the contract, and is liable in damages to any person, including one not in privity of contract with him, who suffers an injury by reason of his willful and fraudulent deceit and concealment." (*Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78, 89.) The complaint before us does not involve the purchase of an article not imminently dangerous in and of itself, but the use whereof is made dangerous by a defect fraudulently concealed by the manufacturer and sold as sound and safe. There is no allegation of fraud or deceit.

The charge upon which liability is alleged to rest is not contract or fraud but negligence alone. Certainly, if the defendant sold

the article directly to the plaintiff, that fact would have been alleged, but it was not; but even if such was the fact the complaint fails to allege that the plaintiff was free from negligence contributing to her injuries or words of similar import to the effect that her injuries flowed solely from the alleged negligence of the defendant.

If the mattress was not purchased directly from the defendant but from an intervening dealer, there is a general rule of law established in this State that a manufacturer is liable for negligence only to those in privity of contract. Exceptions to this general rule have been recognized under certain specific sets of facts. (*Thomas* v. *Winchester*, 6 N. Y. 397; *Devlin* v. *Smith*, 89 id. 470; *Statler* v. *Ray Mfg. Co.*, 195 id. 478; *Kuelling* v. *Roderick Lean Mfg. Co.*, 88 App. Div. 309; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382.) In the *MacPherson Case* (*supra*) it was held that an automobile is a thing not inherently dangerous as is an explosive, but one which is imminently dangerous when put to the uses intended. " Imminent " means " threatening, menacing, perilous." When a maker puts out such an article, he knows the danger; he also knows that the thing will go out to the trade and be used as intended without further testing and information. When such conditions appear, " then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully." (p. 389.) The court said: " If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected." (p. 389.) This would not and could not have been said and the holding in that case would not have been made if the thing referred to had been a horse-drawn wagon, although a horse-drawn wagon might, if negligently made, cause serious injury. The court further said in the *MacPherson* case: " There must be knowledge of a danger, not merely possible, but probable. It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract." (p. 389.) The Court of Appeals has uniformly sought to maintain this distinction and to safeguard the principle that the manufacturer is not liable to third persons irrespective of privity of contract " where the article is not in and of itself imminently dangerous, and where the entire danger results because of some latent defect." (*Kuelling* v. *Roderick Lean Mfg. Co.*, *supra*, 318.) The article must be " of such a character inherently that, when applied to the purposes for which it was designed, it was liable to become a source of great danger to many

people if not carefully and properly constructed." (*Statler* v. *Ray Mfg. Co., supra,* 480.)

The facts disclosed in the complaint before us do not bring the case within such exceptions to the general rule. " An ordinary bed is not an article that is reasonably certain to place life and limb in peril when negligently constructed, or which of itself, in the use to which it is intended to be put, gives any warning of dangerous consequences attending its use, and the manufacturer is not charged with knowledge of danger in its contemplated use, ' not merely possible, but probable.' " (*Field* v. *Empire Case Goods Co.,* 179 App. Div. 253, 257.) This reasoning is applicable to a mattress alleged to have been " improperly and negligently made in that it contained sharp points of metal such as are used on the carding machines which pick the filling for such mattress." A mattress is in no sense a thing inherently or imminently dangerous. " The nature of the thing " is not such as to be reasonably certain to imperil life or limb when negligently made. Its nature suggests no warning. Unless it contains something foreign to its use or to its nature, its use threatens no danger to any one. There is no danger at all in the mattress itself; nothing about it which would convey " knowledge of a danger, not merely possible, but probable." In itself it is as free from any possible danger as a suit of clothes, although that might contain a piece of a broken needle which would pierce the skin and make a port of entry for infection.

These considerations lead us to conclude that the complaint does not state facts sufficient to constitute a cause of action; that the order appealed from should be reversed, with ten dollars costs and disbursements, and that the motion to dismiss the complaint should be granted, with ten dollars costs.

VAN KIRK, P. J., and WHITMYER, J., concur; DAVIS, J., dissents, in part, with a memorandum, in which HILL, J., concurs.

DAVIS, J. (dissenting, in part). I agree with the conclusion that the complaint does not state facts sufficient to constitute a cause of action, because it fails to allege that the mattress when purchased was in the same dangerous condition as when it left the factory; and the complaint should have contained the allegation that the injury to plaintiff was caused solely through the negligence of the defendant in manufacturing and selling for general use a product containing potential elements of harm to the user. The statute now imposes upon the manufacturer of mattresses certain duties in their manufacture, and in placing thereon a tag showing the name and address of manufacturer or vendor. (Gen. Business Law, §§ 389-m–389-w, as added and amended.) This mattress

contained the tag of the defendant. If liability existed at all, the manufacturer might be held by the ultimate purchaser. (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458.) The plaintiff should be permitted to amend upon terms. (Civ. Prac. Act, § 283.)

I disagree with the conclusion implied by a dismissal of the complaint, that no cause of action can be stated. There was a duty on the part of the defendant to use care in the manufacture of an article which in its nature might be reasonably certain to put the user in peril of injury when negligently made. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 389. See, also, *Torgesen* v. *Schultz*, 192 N. Y. 156; *Groves* v. *Wander & Sons' Chemical Co.*, 192 App. Div. 948; affd., 232 N. Y. 579; *Crigger* v. *Coca-Cola Bottling Co.*, 132 Tenn. 545; 179 S. W. 155.)

I favor reversal, with leave to plaintiff to plead over in twenty days upon payment of costs.

HILL, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and complaint dismissed, with ten dollars costs.