ALEXANDER SPIEGEL, Plaintiff, *v.* LIBBY, McNEILL & LIBBY, INC., and Another, Defendants.

Supreme Court, Westchester County, July 17, 1930.

*Maurice S. Degenstein*, for the plaintiff.

*Breed, Abbott & Morgan* [*William L. Hanaway* of counsel], for the defendant Libby, McNeill & Libby, Inc.

WITSCHIEF, J. The defendant Libby, McNeill & Libby, Inc., moves to dismiss the complaint as to that defendant for failure to state facts sufficient to constitute a cause of action against it.

The plaintiff is a retail grocer. He purchased from the defendant Food Distributors, Inc., on June 29, 1929, a carton containing twenty-four cans of fruit salad, the carton being labeled " Libby, McNeill & Libby Fruit Salad."

Thereafter, he undertook to open the carton and, while removing the cans, a needle lodged in the side of the carton pierced the palm of his left hand, causing injuries to recover for which he has brought this action.

It is alleged in the complaint that the injuries sustained by the plaintiff were caused " solely by reason of the negligence, fault and carelessness on the part of defendants," etc.

In another paragraph of the complaint it is alleged that plaintiff is in doubt " as to which defendant he is entitled to redress " and, therefore, joins both so that it may be determined " whether one or all of the defendants are liable."

The defendant Libby, McNeill & Libby, Inc., claims that it is not liable to the plaintiff for negligence in the absence of a contractual relationship.

Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right.

In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury.

The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.)

There is no necessity for any contractual relationship when the cause of action is based on negligence. (*Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468.)

So that we come back to the question whether injury to the plaintiff was reasonably to be apprehended by the defendant Libby, McNeill & Libby, Inc., if, through its negligence, a needle became lodged in the carton in which goods manu actured by it were packed.

Was injury to any person who undertook to open the carton and remove the contents, reasonably foreseeable in case a needle was lodged in the side of the carton? (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 390.)

It would impose a much greater degree of care upon the part of the manufacturers than has been imposed in any reported case, to hold that Libby, McNeill & Libby, Inc., should reasonably have perceived the risk of injury to the plaintiff under the circumstances in this case.

The motion is granted.