ANNA V. CULLEM, Respondent, v. M. H. RENKEN DAIRY COMPANY, Appellant. — The plaintiff had judgment in City Court in an action to recover damages for personal injuries, which judgment was affirmed by the Appellate Term. The proof was that as she took a bottle of milk, delivered in the usual manner by defendant, to the faucet in the apartment to wash the bottle something sharp cut her right thumb. Later infection followed, causing serious injuries. There was no direct proof that the bottle was in any way defective. The defendant made proof of thorough inspection of these bottles from the time that they were returned from customers until they were cleaned, filled and delivered again. A milk bottle is a simple appliance in ordinary use not inherently dangerous. It does not involve " the potency of danger " (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382) nor is it " imminently dangerous." (*Jaroniec* v. *Hasselbarth, Inc.*, 223 App. Div. 182, 185.) In delivering a bottle of milk that may have some slight defect, the defendant, having exercised ordinary and reasonable care, may not be charged with negligence where some unusual result occurs that cannot be reasonably anticipated and foreseen or is not within the " ordinary prevision, the range of probable expectation." (*Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47, 53.) It cannot be reasonably expected to recognize the existence of such risk. (Vol. II, Restatement of the Law of Torts, American Law Institute, §§ 289, 291.) (See, also, *Field* v. *Empire Case Goods Co.*, 179 App. Div. 253; *Sherwood* v. *Lax & Abowitz, Inc.*, 238 id. 799; *Byers* v. *Flushovalve Co.*, 160 N. Y. Supp. 1050 [not officially published]; *Spiegel* v.

*Libby, McNeill & Libby, Inc.*, 137 Misc. 698; *Cook* v. *Garside & Sons, Inc.*, 145 id. 577; *Kerwin* v. *Chippewa Shoe Mfg. Co.*, 163 Wis. 428; 157 N. W. 1101; *Schfranek* v. *Moore & Co.*, 54 F. [2d] 76.) Order of Appellate Term affirming a judgment of the City Court of the City of New York, Borough of Queens, reversed on the law, with costs, judgment of the City Court reversed and the complaint dismissed, with ten dollars costs and disbursements. Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., and Young, J., vote for reversal and a new trial.