Van Voorhis, J.
Defendant Bourjois, Inc., appeals from a judgment establishing its liability in negligence for the loss of a finger by plaintiff Myrtle B. Poplar. She pricked her finger on the point of a metal star which decorated a box of cosmetics that her husband had given to her which he had bought at a retail store in Maryland. It became infected with hemolytic streptococcus, usually a fatal germ, which her doctor said would have been fatal in this instance except for sulfanilimide, but she recovered after a critical illness. Appellant is a manufacturer of perfumery and cosmetics. It purchased the box with the metal star on it from the impleaded defendant-respondent Lorscheider Schang Co., Inc., filled it with its own products, and sold it to the retailer which in turn sold to Mr. Poplar.
The verdicts against appellant must be set aside and the complaint dismissed since the gangrenous infection and ensuing amputation of Mrs. Poplar’s finger was, as matter of law, so extraordinary and unpredictable a result from the otherwise trivial puncturing of her skin as to be a type of danger that would not ordinarily be foreseen. The metal star was innocent enough in itself. It became dangerous due to the intervention of another agency (poisonous bacteria) whose presence was unexpected and extraordinary. Although to uphold a cause of action it is not necessary to be able to prophesy the extent of the damages which will flow from a negligent act (Ehrgott v. Mayor, 96 N. Y. 264) or the par *76 ticular method by which they will be sustained (Munsey v. Webb, 231 U. S. 150, 156), nevertheless the quality of the act as "negligent or otherwise depends upon whether the injurious consequences resulting from it constitute a risk which a reasonably careful and prudent person would ordinarily have anticipated and guarded against (Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 54; Palsgraf v. Long Island R. R. Co., 248 N. Y. 339; Hulburt v. Walker, 258 N. Y. 8, 19; Benenson v. National Surety Co., 260 N. Y. 299, 302-303). It would doubtless make a difference if the negligence charged were likely to result in substantial bodily injury of which infection becomes a concomitant, as where infection complicates a compound fracture of the arm sustained by being thrown negligently from a street car (Ginna v. Second Ave. R. R. Co., 8 Hun 494, affd. 67 N. Y. 596). Here, however, appellant cannot be' held to answer for failing to anticipate a situation which did not involve elements of danger except from the remote chance that the streptococcus germ might be present where plaintiff’s finger was pricked and get into her blood stream. In MacPherson v. Buick Motor Co. (217 N. Y. 382, 389) the court said: “ If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently, made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. * * * There must be knowledge of a danger, not merely' possible, but probable.” This may be said to mark the boundary of the legal doctrine outlined and developed in the MacPherson case, on which the recoveries below depend.
Plaintiff testified that she nicked the middle finger of her right hand on the point of the star, that it did not seem serious at the time. Her doctor testified that it was an unusual result for a small injury like that.” Appellant’s records show that 10,217 boxes of the same type were distributed to dealers without untoward result during the same Christmas season, and several million since they were first put on the market in 1929. As stated in Cullem v. Renken Dairy Co. (247 App. Div. 742) where plaintiff’s thumb became seriously infected by a sharp projection on a milk bottle which had been delivered after a routine inspection: “ In delivering a bottle of milk that may have some slight defect, the defendant, having exercised ordinary and reasonable care, may not be charged with negligence where some unusual result occurs that cannot be reasonably anticipated and foreseen or is not within the ‘ ordinary prevision, the range of probable expectation.’ (Bird *77 v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 53.) It cannot be reasonably expected to recognize the existence of such risk. (Vol. II, Restatement of the Law of Torts, American Law Institute, §§ 289, 291.) ”
In Lewis v. Ocean Acc. & G. Corp. (224 N. Y. 18, 20-21) the following pertinent statement was made concerning the unforeseen character of serious infection as a consequence of puncturing a pimple: “ Unexpected consequences have resulted from an act which seemed trivial and innocent in the doing. Of itself, the scratch or the puncture was harmless. Unexpectedly it drove destructive germs beneath the skin, and thereby became lethal. * * * Such a man [the average man] would say that the dire result, so tragically out of proportion to its trivial cause, was something unforeseen, unexpected, extraordinary, an unlooked-for mishap, and so an accident. This test — the one that is applied in the common speech of men — is also the test to be applied by courts
In Jaroniec v. Hasselbarth, Inc. (223 App. Div. 182) it was held that there was no liability for manufacturing a mattress so that it contained sharp points of metal.which lacerated and infected the plaintiff’s person.
A contrary determination would result in opening the door to liability in negligence cases for the consequences of infection in all sorts of minor cuts and .abrasions sustained in the ordinary course of life.
Pearlman v. Garrod Shoe Co. (276 N. Y. 172) is distinguishable in that there the defendant was notified that the shoes were required for one who was under special training in ballet, toe and acrobatic dancing and the defendant represented that they were suitable for the purpose. On being shown the defects, defendant persisted in denying their existence. Injury to the feet, under such circumstances, was not a casual occurrence like that to the plaintiff’s finger in this case. It was something which the defendant therein should have foreseen.
Workmen’s compensation cases involving infection, such as Matter of Connelly v. Hunt Furniture Co. (240 N. Y. 83) concern only the question of cause and effect, and have no bearing here. There the test is simply whether the infection was caused by an injury, however insignificant otherwise, which arose out of and in the course of the employment. The statute expressly includes infection resulting from such injuries (Workmen’s Compensation Law, .§ 2, subd. 7). That is a different question from whether the risk of infection from such a source is some *78 thing to have been anticipated under the law of negligence. “ The law of causation, remote or proximate, is thus foreign to the case before us/’ (Palsgraf v. Long Island R. R. Co., 248 N. Y. 339, 346, supra.)
For similar reasons the complaints were dismissed in Pickard v. F. W. Woolworth Co. (280 N. Y. 816) and in Liedeker v. Sears, Roebuck & Co., Inc. (249 App. Div. 835, affd. 274 N. Y. 631) involving defects in chairs due to failure of a nail, in the, first case, to penetrate a chair leg so that it collapsed when sat upon, and, in the second, to faulty design so that it caught the hands when used; in Boyd v. American Can Co. (249 App. Div. 644, affd. 274 N. Y. 526) involving a tin coffee can with a defective key which broke while the can was being opened; and in Field v. Empire Case Goods Co. (179 App. Div. 253) where a bed collapsed that had been negligently constructed.
If the law of Maryland controls (cf. Benton v. Safe Deposit Bank, 255 N. Y. 260, 265), the same principles are believed to govern (State v. Katcef, 159 Md. 271; State v. Fox & Son, 79 Md. 514; State v. Consolidated Gas, Electric Light & Power Co., 146 Md. 390).
The judgment in favor of plaintiffs and against defendant Bourjois, Inc., should be reversed upon the law, with costs to the appellant and the complaint dismissed, with costs. Insofar as the judgment dismisses the cross complaint set forth in the amended answer of defendant Bourjois, Inc., it should be affirmed, with costs of this appeal to the defendant-respondent against the appellant.
Martin, P. J., Dore and Cohn, JJ., concur; G-lennon, J., taking no part.
Judgment in favor of plaintiffs and against defendant Bourjois, Inc., unanimously reversed, with costs to the appellant and the complaint dismissed, with costs. Insofar as the judgment dismisses the cross complaint set forth in the amended answer of defendant Bourjois, Inc., it is affirmed, with costs of this appeal to the defendant-respondent against the appellant.