Lawrence H. Cooke, J.
Relator having heen found to be a narcotic addict within the meaning of article 9 of the Mental Hygiene Law, having been certified to the care and custody of the New York State Narcotic Addiction Control Commission and now confined to the Woodbourne Rehabilitation Center, this habeas corpus proceeding has been instituted to secure his release based on the following grounds, as stated by his attorney on the record: (1) that relator agreed voluntarily to go into the program and subsequently escaped and was arrested for petit larceny and, by virtue of his arrest and conviction for petit larceny, was absolved of further detention; and (2) that he has been rehabilitated.
Section 201 of the Mental Hygiene Law provides that, when used in article 9 of said law, “narcotic addict ” means “a person who is at the time of examination dependent upon opium, heroin, morphine or any derivative or synthetic drug of that group or who by reason of the repeated use of any such drug is in imminent danger of becoming dependent upon opium, heroin, morphine, or any derivative or synthetic drug of that group; provided, however, that no person shall be deemed a narcotic addict solely by virtue of his taking of any of such drugs pursuant to a lawful prescription issued by a physician in the course of professional treatment for legitimate medical purposes.” The words “imminent danger” are words of long usage, both in everyday speech and in the law. Webster’s Third New International Dictionary (1963) defines “ imminent ” at page 1130 as: “ ready to take place; near at hand; impending * * *; threatenly over one’s head; menacingly near. ” In Jaroniec v. Hasselbarth, Inc. (223 App. Div. 182, 184) it was held: “ Imminent ’ means ‘threatening, menacing, perilous ’. ” (Cf. Shorter v. People, 2 N. Y. 193, 201; Eckhardt v. City of Buffalo, 19 App. Div. 1, 12; 25A — C. J. S., Imminent danger, p. 465; 42 C. J. S., p. 394; 20 Words and Phrases, p. 215 et seq.) Although used in various contexts, these words share a common element — the proximity of the event that is said to be imminent (People v. Victor, 62 Cal. 2d 280). The proof, including relator’s history, clearly shows the imminence, the proximity rather than the remoteness, of the danger. Among various other things, it is noted that, after relator was “ out on the street ” about two weeks, he used heroin again. It is the court’s opinion that there is need of and advisability for a comprehensive and con- *26 tinned program of treatment. Relator is a narcotic addict within the meaning of section 201 of the Mental Hygiene Law.
The writ and the proceedings thereupon are dismissed and relator is remanded to the custody of the Director of the Woodbourne Rehabilitation Center.