BYERS v. FLUSHOVALVE CO.

(Supreme Court, Special Term, Bronx County.   October, 1916.)

NEGLIGENCE ⊙═27—LIABILITY FOR INJURIES TO REMOTE PURCHASER.

The handle of a valve used to flush toilets is not so reasonably certain to place life and limb in peril when negligently made as to subject the manufacturer to a duty to make it carefully under penalty of liability to persons other than the immediate purchaser for injuries caused by failure to perform such duty through using defective material.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 25; Dec. Dig. ⊙═27.]

Action by William Byers against the Flushovalve Company. On plaintiff's motion for judgment on the pleadings. Motion denied, with leave to plaintiff to amend.

Charles E. Rudolph, Jr., of New York City, for the motion.
Frank W. Burr, of New York City, opposed.

GIEGERICH, J.   The plaintiff, a mechanic, received an injury to his hand through the breaking of a knob at the end of the handle of a valve used to flush toilets.   It is alleged that the knob was made of defective and unfit material.   The defendant demurred to the complaint, and the plaintiff has moved for judgment on the pleadings.

The question is whether the case comes, as a matter of law of course, within the principle of MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C, 440, and similar cases. In the case just cited it was held that, if the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger, and that, if it is known that the thing will be used by persons other than the immediate purchaser and used without new tests, then, irrespective of contract, the manufacturer of such thing of danger is under a duty to make it carefully and is liable to persons other than his immediate purchaser for his failure to perform that duty.   In this case it seems to me the article in question should be held as a matter of law not to be a thing of danger within the principle stated.   The difference is manifest, without any attempt at argument, between poisons, and defectively made scaffolds and elevators and steam boilers and automobiles, on the one hand, and such harmless things as valve handles on the other hand.   It cannot be said that a valve handle is any more "reasonably certain to place life and limb in peril when negligently made" than a broom or a shovel or any one of a thousand ordinary implements.   Of course, any of those things, if negligently made, may under exceptional conditions place life or limb in peril, but that is not the test.   The result must be reasonably certain, not merely possible. If the case were a border line one, then the complaint might be sustained and the question as to the dangerous character of the thing left for the jury to determine; but I do not regard it as near the border line.

Motion denied, with $10 costs, with leave to the plaintiff to amend within ten days on payment of such costs.   Order signed.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes