### EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. COLUMBUS McKINNON CHAIN CO.

(District Court, W. D. New York. April 30, 1926.)

**1. Negligence ☞27—Manufacturer of chain designed to support heavy weights is liable to user, injured through defects, though bought from dealer.**

The manufacturer of a chain, designed to support heavy weights and represented to be sufficient therefor, is liable to a user, injured through its defective construction, though · it was bought from a dealer.

**2. Negligence ☞27—Manufacturer of "imminently dangerous" article is liable to third persons, having no contractual relations with him, for negligence in its manufacture.**

A manufacturer or seller of an article that is inherently or imminently dangerous is liable to third parties, who have no contractual relations with him, for negligence in construction, manufacture, or sale of such article; "imminently dangerous" meaning a quality reasonably certain to place life or limb in peril.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Imminent Danger.]

At Law. Action by the Employer's Liability Assurance Corporation, Limited, against the Columbus McKinnon Chain Company. On motion to dismiss complaint. Denied.

Ulysses S. Thomas, of Buffalo, N. Y. (Ralph W. Dox, of Buffalo, N. Y., of counsel), for plaintiff.

Mitchell & Staples, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. Plaintiff insured the Retsof Mining Company under the Workmen's Compensation Act of this state (Consol. Laws, c. 67), and thereafter, and on April 19, 1923, three of its employees were killed when a chain they had been using to lower a large casting into a pit broke and caused the casting to fall. The awards out of the policy of insurance were paid, and plaintiff, under section 29 of the Workmen's Compensation Act, became subrogated to any rights the beneficiaries may have had against defendant.

[1] It is alleged in the complaint that the defendant manufactured the chain and sold it to a retail jobber at Buffalo, who acted for the purchaser, to which delivery was made by defendant, knowing that the chain would be used for lifting heavy objects weighing as much as six tons; that defendant represented or warranted that the chain which caused the disaster had a breaking strain of 25,000 pounds, and would safely lift or carry objects weighing as much as 6 tons; that the chain was negligently manufactured, and negligently tested, and was not manufactured of good and strong and proper material, to give it the represented straining capacity.

[2] It is contended that defendant is not liable to third persons for the alleged inefficiency of the chains; the general rule being "that a manufacturer or seller is not liable to third persons, who have no contractual relations with him, for negligence in the construction, manufacture, or sale of articles manufactured or sold." There are, however, exceptions to this broad rule; e. g., where the article sold is inherently or imminently dangerous. The term "imminently dangerous" does not imply that the article sold must at all times be imminently dangerous, such as poisons or explosives are known to be. It suffices if the nature and quality of the thing sold is reasonably certain, as Judge Cardozo said in MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440, to place life or limb in peril, and was negligently made, for then it became a thing of danger.

The allegations of the bill, which must be assumed to be true, in my opinion, fall correctly within this principle, and which was adopted by the Circuit Court of Appeals of this circuit. Judge Rogers writing the opinion, in Johnson v. Cadillac Motor Car Co., 261 F. 879, 8 A. L. R. 1023. There it was substantially held that, where a manufacturer of an automobile fails to use reasonable care in inspecting and testing wheels, he is responsible to a buyer who sustains injuries by the breaking of a defective wheel, even though the automobile was bought from a dealer. On this point see, also, Rosebrock v. Gen. Electric Co., 236 N. Y. 227, 140 N. E. 571; Statler v. Ray Mfg. Co., 195 N. Y. 478, 88 N. E. 1063.

Although the chain in question was not inherently a dangerous thing, yet it seems to me that the question of liability to the per-

sons injured, or their representatives, depends upon whether it was sold and delivered under a representation or warranty that it was designed to accomplish a certain specified purpose, and whether defendant was aware of the use to which the chain was to be put, and would be required to lift heavier articles at Retsof mine than its tensile strength warranted.

Defendant also urges that the complaint should be dismissed because of failure to allege that the chain, at the time of its fracture, was in the same condition as when sold or delivered; but this is a matter that may be reserved to the trial or remedied by amendment.

The complaint states a good and sufficient cause of action against the defendant, and the motion to dismiss is denied.