## LYNCH v. INTERNATIONAL HARVESTER CO. OF AMERICA.

### No. 579.

Circuit Court of Appeals, Tenth Circuit.
July 18, 1932.

Sam P. Ridings, of Medford, Okl., and C. F. Dyer, of Enid, Okl. (Dyer, Smith & Crowley, of Enid, Okl., and Ridings & Drennan, of Medford, Okl., on the brief), for appellant.

Forest D. Siefkin, of Chicago, Ill. (William S. Elliott, of Chicago, Ill., and Oliver C. Black, of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

LEWIS, Circuit Judge.

Appellant, plaintiff below, sued for damages on account of injury which resulted in the loss of his leg. The injury occurred while he was operating a machine made and sold by appellee and designed for reaping and threshing small grain. The complaint alleges that the operator was required at times to go upon the top of the machine to give attention to its parts and their operation. On the top there was an iron covering over a rapidly revolving cylinder with projecting teeth or spikes. Appellant stepped on this covering which gave way or sagged under his weight causing his foot and lower leg to be caught and mangled by the cylinder. Early in 1924, appellee shipped the machine to its agent in Oklahoma. In June, 1924, the agent sold it to one Connery. Later Connery sold it to R. R. Smith Hardware Company, and in June, 1928, the hardware company sold it to appellant. The injury to appellant occurred on June 29, 1929, five years after the sale to Connery. This appeal is from an order sustaining demurrer to the complaint.

Counsel for appellant say in their brief that Huset v. J. I. Case Threshing Machine Company (C. C. A.) 120 F. 865, 867, 61 L. R. A. 303, is without question the most important, full and complete case reported covering the proposition involved in the case at bar. Also, they say, " * * * By an examination of the petition in the case at bar it will be observed that the petition brings the case squarely within the exception last above quoted" (third exception noted in the Huset Case). Let us see. The late Judge Walter H. Sanborn spoke for the court in that case. After stating reasons therefor, he concluded:

"The general rule is that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles."

But then he said there are three exceptions to that rule, as well settled and established as the rule itself:

"The first is that an act of negligence of a manufacturer or vendor which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third parties who suffer from the negligence. * * *

"The second exception is that an owner's act of negligence which causes injury to one

who is invited by him to use his defective appliance upon the owner's premises may form the basis of an action against the owner. * * *

· "The third exception to the rule is that one who sells or delivers an article which he knows to be imminently dangerous to life or limb to another without notice of its qualities is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not."

 Convincing authority is cited in support of the general rule stated in that case and the exceptions, and to each is added the independent reasoning of that able court. As to the third exception noted in that case, it cannot be doubted from the authorities cited, as well as from the opinion in that case, that knowledge of the vendor at the time of sale that the machine sold was imminently dangerous to life or limb is a necessary element to liability. Indeed, there could be no actionable negligence on the part of the seller without such knowledge, because to constitute liability the machine must then be imminently dangerous, known by the seller to be so, sold without giving notice to the buyer of the danger, and the resulting injury one that could be reasonably anticipated by the seller. In the Huset Case the machine had been recently purchased from defendant and put in use shortly thereafter, when Huset suffered an identical injury in the identical way as that suffered by appellant. And Huset was not the purchaser but the purchaser's servant in operating the machine. Huset's complaint withstood the attack of a demurrer in the Circuit Court of Appeals on the ground that he had stated a case within the third exception to the general rule, but clearly it was so held because the machine had been recently sold by defendant and because Huset not only alleged that the covering over the cylinder was weak and gave way under his weight, but he further alleged that the machine "was imminently and necessarily dangerous to the life and limbs of those who operated it, and it was well known to be thus dangerous by the defendant when it shipped the same and supplied it to the purchaser. * * * On August 25, 1901, the defendant sold this threshing outfit to J. H. Pifer, who started to operate it on the next day, and employed the plaintiff, O. S. Huset, as a laborer to assist him in running it."

Counsel appreciate this substantial difference between the Huset Case and appellant's case: Huset's injury occurred immediately after the sale by defendant, appellant's injury occurred five years after the sale by defendant and after the machine had been owned and used by others, and the kind of use and exposure during those years it would seem to be impossible to prove with reasonable certainty. Counsel attempt to avoid this by alleging that the covering was in the same weak and dangerous condition when the machine was sold to Connery that it was in five years later when appellant was injured. On the same point they make the further allegation, obviously impossible of proof: "And the reason that the said accident had not sooner happened was not due to the fact that the said covering had been in any way weakened or strength impaired, but was due to the fact that in the operation of the said machine that the persons operating the same and in going over and upon the same had not happened to step in a particular place where they might have stepped in so walking over said machine, and on which the said plaintiff did step. * * * "

Again, there is no direct allegation, as in the Huset Case, that defendant knew in fact that the machine was imminently dangerous to life and limb when Connery bought it. In that respect the complaint imputes knowledge to defendant because it manufactured the machine, and counsel contend, citing cases not applicable here on their facts, that actual knowledge of the dangerous defect by the seller need not be proven, but negligence may be imputed to him if he was the manufacturer and failed to exercise reasonable care. The defect in the automobile wheels dealt with in MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, 1052, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440, was latent, which is not so, we think, as to the iron covering in this case on the facts disclosed. The MacPherson Case and others like it are not, we think, a rejection of Judge Sanborn's third exception, but an application of his first exception where the defect is latent.

 The most serious and obvious reason against appellant's right of recovery is the fact that the injury did not occur until after five years use of the machine, and during that time operators had stepped on and walked over the covering in safety, as the complaint expressly admits. These facts, it seems to us, are a conclusive denial and con-

tradiction of the allegation that the machine was imminently dangerous to life and limb when defendant sold it. In MacPherson v. Buick Motor Co., supra, the court referred to the prior case of Loop v. Litchfield, 42 N. Y. 351, 1 Am. Rep. 513, in which the injury was caused by a defect in a small balance wheel used on a circular saw, the defect being pointed out to the buyer at the time of the purchase, and commenting thereon said: "The risk can hardly have been an imminent one, for the wheel lasted five years before it broke." Moreover, while it is alleged that the defect in the covering was concealed, it further appears in the complaint that the covering was on hinges. The covering being on hinges, it could be raised and lowered, thus presenting both sides as well as its thickness to full view, which is in contradiction of the allegation that its flimsiness was concealed or latent. It is alleged that it was in the same weak and flimsy condition at the time it was sold to Connery as it was on the day of the injury to appellant, that there had been no change in that respect during the five years. This is contrary to common knowledge that all machinery constantly depreciates in strength and usefulness. As well said in the Huset Case, such machines are used and cared for and "are to be operated or used by the intelligent and the ignorant, the skillful and the incompetent, the watchful and the careless." On the facts reviewed, gathered from the complaint, we think it appears there is no liability on the part of appellee for the injury.

Affirmed.