### SMITH v. S. S. KRESGE CO., Inc. *
### No. 10255.

Circuit Court of Appeals, Eighth Circuit.

Sept. 18, 1935.

William R. Schneider, of St. Louis, Mo. (Meyer E. Aronoff and Simon Fisher, both of St. Louis, Mo., on the brief), for appellant.

Wayne Ely, of St. Louis, Mo. (Tom Ely, Jr., of St. Louis, Mo., on the brief), for appellee.

Before STONE and FARIS, Circuit Judges, and RAGON, District Judge.

RAGON, District Judge.

Appellant, plaintiff below, sued appellee for damages resulting from personal injury alleged to have been received by her when certain water waving combs, bought from appellee, ignited and exploded while she was drying her hair with artificial heat, by inclining her head over the open door of the gas oven in her kitchen. The alleged injury occurred on April 22, 1932. She had purchased a half dozen of these combs for use in waving her hair from the appellee in September, 1929. A month later she purchased four or five additional combs. On the day the injury occurred she had dampened her hair, placed the combs in position therein, and then turned on the flame in the broiler of her gas oven. She closed the broiler door of the gas oven and opened the door above it which led to the roaster and in which there was no flame. She bent over the door of this roaster and exposed her hair with the combs in it to the heat flowing from the oven when the combs ignited and exploded, setting fire to her hair and burning her severely.

*Rehearing denied Nov. 21, 1935.

The combs were composed of 7.30 per cent. camphor, 41 per cent. nitrocellulose, and a filler of casein or some other compound like it. The composition forms the commercial substance which is known to the trade as celluloid and is highly inflammable. Chemists testified that the combs in question would ignite and burn when exposed to a flame, or would ignite and burn when exposed to a temperature of 366 to 370 degrees Fahrenheit without flame. According to the chemist, who made tests of the oven in front of which the appellant was standing and over which she was leaning when the combs ignited, it was found that the heat at a point one and one-half inches out from the top of the oven was 375 degrees Fahrenheit.

Appellant alleges, in substance, that she received her injuries as a result of the appellee's negligence in failing to warn her of the inherently dangerous character of the combs when used in the ordinary, customary, and well-known manner in proximity to heat.

The appellant to sustain her action testified that she had purchased combs in Kresge's store before and she knew the exact counter where the combs were to be had, because she did practically all of her shopping at the store. She knew from the appearance of the combs that they were what she wanted and she did not ask the saleslady anything about them, nor did the saleslady offer her any information concerning the combs. She did not remember whether the saleslady took the combs off a card or not. A question and answer from the record succinctly states the circumstances pertaining to the sale.

"Q. You said, 'I want these particular combs'? A. Yes, sir; and she (saleslady) said nothing at all to me and I did not ask her anything. I did not ask her whether they were water waving combs or how they were to be used, or what they were made of or anything of that sort. I don't know whether they were on a card, but I did not take them home on a card, and I don't know if they were on a card before I picked them out."

While many questions and answers touching the sale of the combs are disclosed by the record, the one above quoted incorporates the substance of the appellant's testimony important to this de-

cision, and which was the only testimony introduced throwing any light upon what transpired when the sale was made.

At the conclusion of appellant's evidence, the appellee, without offering any evidence, moved for a directed verdict. Thereupon by direction of the court the jury found for the appellee, from which verdict appellant prosecutes this appeal.

In directing the verdict the court made a statement to the jury giving as his reasons for the binding instruction that there was no substantial evidence upon which the jury might base a conclusion that the appellant was given no warning about the inflammable and explosive character of the combs. Prior to the court's making this statement, appellant had asked leave of the court to dismiss her suit. But after the court had stated his reason for directing the verdict, counsel for appellant, evidently believing the trial court was irrevocably bound by the statement, withdrew the request and stood upon the record.

■ The appellant contends that when a directed verdict is requested by the defendant the trial court should draw from the evidence adduced the most favorable inferences in favor of plaintiff's right to recover. This rule is so fundamental and so well settled by the authorities in favor of the appellant that citations are unnecessary. It is obvious that this evidence and all reasonable inferences to be drawn therefrom is susceptible of but one construction and that is, the appellant was given no warning as to the inflammable and explosive character of these combs. The testimony of the plaintiff is that she was given no such warning by the saleslady from whom she made the purchase, and this statement is undisputed. Neither is there any circumstance connected with the purchase of the combs which would tend to bring to the knowledge of the appellant any inherent danger in the combs. The testimony for the appellant on this point carries no inconsistent inference and the only reasonable one to be drawn is that the appellant had no warning. The court apparently took the position that from this testimony it was as easy to infer that she did have warning as it was that she did not have warning, and with this position we cannot agree.

■ This court, however, is not bound by the reasons assigned by the trial court

in directing a verdict. A rule to the contrary would call for a reversal of this case. There is no duty devolving upon the trial court in directing a verdict to assign reasons therefor. If for any purpose he sees fit to do so, although his reasons of law or fact are incorrect, it is not error, if upon the record the appellate court finds the verdict was proper.

Appellant further contends for a reversal on the ground that the evidence for appellant was sufficient to make out a case for the jury. It is the contention of the appellee that appellant failed to establish her allegation that appellee knew, or by the exercise of ordinary care could have known, that the combs were composed of and contained a chemical substance which was highly combustible, imminently and inherently dangerous, and easily ignitible. The record shows that appellee was a mere "retailer" of these combs. It is not alleged in the complaint that he was a manufacturer of the combs and no inference can be drawn to this effect from the evidence. The rule applicable to the "retailer" of an article inherently dangerous to the life, limb, and health of the user thereof is, that he must have brought home to him a knowledge of this dangerous character, before the act of the retailer in selling the article is actionable. If this be the rule to be applied in this case, it was incumbent upon appellant to show that the appellee knew, or by the exercise of ordinary care could have known, the combs were made from inflammable material and were dangerous. There was apparently no effort made to show appellee had any such knowledge, and no fact in the record would lead to an inference that he had such knowledge. The only fact from which knowledge might be inferred was the mere temporary possession of the combs by appellee. The appellee could hardly be chargeable with notice on account of this fact, since appellant had these same combs in her possession and in constant use for more than two years before the date of the explosion, and yet she did not know that they were made of celluloid or other inflammable material. Under the record in the case she knew as much as appellee did about the composition of the combs.

While appellant was on cross-examination, a card was displayed which was referred to as Exhibit C by counsel and she was asked if it refreshed her recollection as to whether the combs she had bought were on a card like that, to which she answered she "could not recall." She answered in the negative a question by counsel if she did not know that the combs were on a card which read, "These combs are made of inflammable material. Stand away from the heat." This card referred to as Exhibit C does not appear in the pleadings and the record does not show that it was ever offered for identification. The designation of it as Exhibit C was apparently a convenience resorted to by counsel in the cross-examination. The card, regardless of what it had upon it, cannot be considered for any purpose, since it nowhere appears as a part of the record, although it has been discussed in the argument by counsel on both sides. The appellant has failed to show that the appellee at the time the sale was made had any knowledge, from oral statements, marks, or labels, or otherwise, that the combs were imminently dangerous to life or limb, and, in the absence of this necessary element, there could be no actionable negligence. The distinction between the liability of the "manufacturer" and the "seller," where the latter serves as a middleman, is well settled. The former being the maker of the article knows of its dangerous content, and it is upon this principle that liability attaches. The "seller" or "retailer" could not have this knowledge which the manufacturer necessarily has, and, therefore, before he can be liable for actionable negligence it must be shown that he had notice of this dangerous quality. Lynch v. International Harvester Co. (C. C. A.) 60 F.(2d) 223; E. I. Du Pont De Nemours & Co. v. Baridon (C. C. A.) 73 F.(2d) 26; Huset v. J. I. Case Threshing Machine Co. (C. C. A.) 120 F. 865, 61 L. R. A. 303; 45 C. J. p. 889; Selby v. S. Kann Sons Co., 64 App. D. C. 36, 73 F.(2d) 853.

It is contended by appellant that the sale of the combs by appellee carried with them an implied warranty of their fitness for use in waving hair. The complaint of appellant in three separate paragraphs alleges negligence, with particularly clear and exact language, as the grounds for recovery. There is no allegation in the complaint to sustain the contention that the action was based on

a breach of an implied warranty. Evidently the trial court and the parties so treated the action as one of negligence throughout the proceedings in the court below, as the record shows an absence of any reference to such a theory. Therefore, this contention is without foundation to sustain it.

It is not necessary to pass upon the question of appellant's contributory negligence in view of the position taken on other questions involved in the case. The court was correct in directing a verdict for the appellee and his action is, therefore, affirmed.