## AMASON v. FORD MOTOR CO.

### No. 7867.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1935.

Stephen C. Upson, of Athens, Ga., and Horace M. Holden, Hugh Howell, and Allen Post, all of Atlanta, Ga., for appellant.

Frank C. Tindall, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit, on behalf of herself and two minor children, in a state court to recover damages in the sum of $50,000, for the death of the husband and father. It was removed to the federal court by appellee, and then dismissed on demurrer. This appeal followed.

In substance, the petition alleges that on October 30, 1933, the deceased purchased from the Elbert Sales Company, of Elberton, Ga., a Tudor Ford De Luxe, 8-cylinder sedan automobile. The automobile was designed, constructed, and placed

in the hands of a dealer by appellee. It had only one door on each side, which was hinged in the rear. The doors were equipped with two catches, operated by a single curved handle, and, unless the doors were slammed hard, the second catch would not engage. While only the first catch was engaged, the door would rattle when the car was going at a high speed, from the effect of the wind. If the door was opened while the car was running at high speed, the wind would push it back against the body of the car with great force. On March 23, 1934, about 7 or 8 o'clock at night, the deceased was riding in the automobile on the highway, seated on the right side of the front seat. The car was proceeding at the rate of about 35 miles an hour. A strong wind was blowing. He opened the door, using the handle provided for that purpose, with the intention of slamming it, but his hand was caught under the curved handle and he was jerked out of his seat by the action of the wind on the door and thrown to the roadway. A following automobile ran over him and killed him. The negligence alleged relates purely to the design of the automobile in having the door hinged at the rear instead of the front and as to the size, shape and position of the handle of the catch. It is not charged that any defective material was used in constructing the car or that any part of it broke.

█ An automobile is not considered in law as dangerous per se. Huddy, Ency. Automobile Law, Vols. 1–2 p. 180, and authorities cited. It is a general rule that the manufacturer of an article not dangerous per se is not liable to a third person having no contractual relation with him for negligence in the manufacture of the article. 45 C. J. "Negligence," § 326. An exception is noted in the following cases, relied upon by appellant, to wit: MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas. 1916C, 440, Goullon v. Ford Motor Co. (C.C.A.) 44 F.(2d) 310, and Johnson v. Cadillac Motor Car Co. (C.C.A.) 261 F. 878, 8 A.L.R. 1023. In each of these cases parts of motor vehicles broke in ordinary use and caused accidents. It was held that a manufacturer owed a duty to the public to use ordinary care in inspecting the parts of a motor vehicle before putting it on the market, so that if an accident was caused by the breaking of a defective part, in the ordinary use of the vehicle, the manufacturer would

be liable for negligence if he had failed to properly inspect the car before selling it. Conceding this to be the modern rule, these cases are not in point as applied to the case at bar. It is clear from the allegations of the petition that the automobile from which plaintiff was thrown was not defective and was safe if properly operated. The court could well take notice that thousands of passenger automobiles in daily use have their front doors hinged at the rear. The manufacturer could have had no reason to contemplate the probability of such an accident from the ordinary use of the car. If the door had been firmly closed before the car was started, or if the car had been slowed down or stopped to shut the door, the accident would not have occurred. The deceased had had the car in his possession and use for some months. If it was dangerous to open the door under conditions shown, he had ample opportunity to acquire that knowledge. It is clear that the sole proximate cause of the accident was the negligence of the deceased in attempting to open and close the door when the car was running at a rapid rate.

The record presents no reversible error.

Affirmed.