## BIRD v. FORD MOTOR CO.
### No. 1841A.

District Court, W. D. New York.
July 7, 1936.

Carnes & Hetzelt, of Buffalo, N. Y., for plaintiff.

Harold J. Adams, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The plaintiff sues to recover damages sustained from the breaking of a windshield in an automobile manufactured by the defendant caused by a collision between two automobiles. Defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action and, in the event such motion is denied, that certain specific allegations of the complaint be stricken. Allegedly plaintiff was a passenger in an automobile operated by the owner.

The first question is whether, as a matter of law, the defendant owed any duty to the plaintiff out of which any cause of action arises. The motion presumes the allegations in the complaint to be true. The defendant sells a windshield which it represents to be "shatter-proof." It presumably knew the purpose to which it was to be put. It knew it was to be used in the automobile, and presumably knew it was intended to be employed as a protection to the users. Until comparatively lately so-called "shatter-proof" glass was unknown as equipment in automobiles. The glass theretofore used was easily broken from a blow or shock. With the increased attendant danger, so-called shatterproof glass came to be substituted and is now in general use.

Among other things the complaint alleges that the automobile was defective; that proper tests would have disclosed that the "shatter-proof" glass was defective, and "negligently and improperly manufactured"; and that such glass was "inherently and imminently dangerous when used and installed in automobiles"; and that the defective condition was known to the defendant. These and other allegations to the same effect, coupled with the usual allegations in a negligence suit, sufficiently state a cause of action in negligence in favor of this plaintiff. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440; Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A.(N.S.) 560, Ann.Cas. 1913B, 689; Baxter v. Ford Motor Co., 168 Wash. 456, 12 P.(2d) 409, 410, 15 P. (2d) 1118, 88 A.L.R. 521.

It is claimed that recovery by a third party cannot be had, since there is no privity of contract. While in MacPherson v. Buick Motor Co., supra, injuries resulted from the ordinary use of the car, the allegations of this complaint meet the definition of legal liability as therein declared. In New York state the earlier construction which limited the right of recovery to the immediate purchaser has been extended. In MacPherson v. Buick Motor Co., supra, numerous authorities supporting this view are cited and the reason therefor stated. It has frequently been stated that the manufacturer is not liable to third parties for negligence in the manufacturing of an article. Huset v. J. I. Case Threshing Mach. Co. (C.C.A.) 120 F. 865, 867, 61 L.R.A. 303; United States Radiator Corporation v. Henderson (C.C.A.) 68 F.(2d) 87. This is based upon the rule that the manufacturer owing no duty to third persons, no actionable negligence for breach of duty lies. Liability, however, based upon a tort, rather than a private contract, arises under certain circumstances such as shown here.

The opinion of Judge Sanborn in Huset v. J. I. Case Threshing Mach. Co., supra, has been discussed in many cases. There it was said that: "The general rule is that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles." Many authorities are there cited, and it is said: "The views expressed by the judges in this case have prevailed in England and in the United States, with the exception of two decisions which are in conflict with the leading case and with all the decisions to which reference has been made." Id. "Devlin v. Smith, 89 N.Y. 470, 42 Am.Rep. 311; * * * Schubert v. J. R. Clark Co., 49 Minn. 331, 51 N.W. 1103, 15 L.R.A. 818, 32 Am.St.Rep. 559." To the general rule the court, however, makes three exceptions, one of which is: "That one who sells or delivers an article which he knows to be imminently dangerous to life or limb to another without notice of its qualities is liable to any person who suffers an injury

therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not." The Circuit Court of Appeals held that this case came within the third exception. There a threshing machine manufactured by the defendant was sold by defendant to a party and it was then operated by plaintiff as employee of the purchaser. The trial court sustained a demurrer; the Circuit Court of Appeals reversed. The reasoning of the court in taking this case out of the ordinary rule was that the article was known by the defendant to be imminently dangerous to life and limb and the injury was such as might reasonably have been anticipated from a defective article. It was further said in that case: "It is a rational and fair deduction from the rules to which brief reference has been made that one who makes or sells a machine, a building, a tool or an article of merchandise designed and fitted for a specific use is liable to the person who, in the natural course of events, uses it for the purpose for which it was made or sold, for an injury which is the natural and probable consequence of the negligence of the manufacturer or vendor in its construction or sale." If we say in the instant case the automobile is an inherently dangerous thing and that the results which happen came from the ordinary uses to which the machine was intended to be put, this case comes within the rule laid down in Huset v. Case Threshing Mach. Co., supra. Here again we refer in the instant suit to the complaint, which alleges the owner or manufacturer had knowledge of the defect and that the requisite inspection was not made. But whether we say that the reasoning in Huset v. Case Threshing Mach. Co. Case sustains the contention that this suit may be maintained, it will be seen upon examination of many authorities that the rule laid down in the Huset v. Case Threshing Mach. Co. Case has been greatly broadened in recent years.

In United States Radiator Corporation v. Henderson (C.C.A.) 68 F.(2d) 87, 92, it is said: "I recognize that the rules laid down in the Huset Case have been expanded and enlarged by the later decisions, and that the principles announced in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A.1916F, 696, Ann.Cas.1916C, 440, have received such widespread judicial approval that they may be regarded as stating the now accepted law on this subject."

The cases which are cited by the defendant are easily distinguishable. In Amason v. Ford Motor Co. (C.C.A.) 80 F.(2d) 265, 266, plaintiff's intestate was injured by falling from an automobile when he opened a door while the automobile was moving. It is clear that the negligence of the deceased caused the injuries. No defect in the door was shown, and the act resulting from the use of the door as used could not reasonably have been contemplated by the manufacturer. The opinion does state that: "It is a general rule that the manufacturer of an article not dangerous per se is not liable to a third person having no contractual relation with him for negligence in the manufacture of the article." After citing several cases, among which are MacPherson v. Buick Motor Co., as illustrating exceptions to the rule, it said these cases held that the manufacturer owed a duty to the public to use ordinary care in inspecting the parts of a motor vehicle before putting it on the market, so that if an accident was caused by the breaking of a defective part, in the ordinary use of the vehicle, the manufacturer would be liable for negligence if he had failed to properly inspect the car before selling it. The court concedes this to be the modern rule, but states that they are not in point as applied to that case. This clearly was the fact. In Schfranek v. Benjamin Moore & Co. (D.C.) 54 F.(2d) 76, 77, plaintiff purchased from a retail dealer a package of a commodity used in connection with wall and ceiling decoration, and plaintiff alleged that while pouring out some powder from the package his hand was cut by some glass. The rule there laid down has no application here. This use of the article was not within the contemplation of the manufacturer. The thing was not dangerous per se, and such use could not reasonably have been foreseen. Said the court: "The manufacturer is properly held to a duty to foresee the probable results of such normal use, but he does not have to foresee the possible casual results of a user which departs from the normal." The court there also said: "The zone of the possible in casualties is practically limitless. Almost anything in the way of an accident is possible. * * * The zone of the probable, however, is very much narrower, and that is the zone with which tort liability is concerned. * * * Consequently, if a thing has danger implicit in it, as a poison which is to be used for medicine, or has danger almost neces-

sarily involved as a badly constructed motorcar or piece of machinery, the manufacturer is held to liability for failure to lable or mix the medicines correctly, * * * or failure adequately to inspect the motorcar or the machinery."

In Reed & Barton Corporation v. Maas (C.C.A.) 73 F.(2d) 359, 361, plaintiff was injured when a coffee urn tipped over. It was held that under the Wisconsin law the manufacturer of an article not inherently dangerous is liable for any injury due to negligence of manufacturer which makes it probable that injuries will result from proper use of the article. It was there said that the rule applied in the federal courts is not contrary to that in Wisconsin and in New York. It was said that the trial court "correctly instructed the jury that a coffee urn, when properly constructed, was not inherently dangerous; but if by reason of a defect caused by the negligence of the manufacturer it becomes an article fraught with danger to anybody using it, the manufacturer may be held liable for the consequences of that negligence to any person using it for the purpose and in the manner it was intended to be used, though not a party to a contract with the manufacturer." This statement is directly in point here. The purpose of shatterproof glass was to protect against conditions arising out of the ordinary use of an article, and it may be urged with considerable force that in this day accidents arise out of the ordinary use of an automobile. As has been pointed out in one case, the record from collisions by automobiles is 30,000 deaths and over 100,000 injuries in 1935. This glass was made to lessen the danger from collision. The implied representation is that the use will aid in preventing damage under a collision. In any event, a question of fact may arise.

In Cohen v. Brockway Motor Truck Corporation, 240 App.Div. 18, 268 N.Y.S. 545, 546, suit was brought to recover injuries sustained from breaking of a door handle on an automobile. It was pointed out that breaking·of a door handle does not make the automobile either "inherently or imminently dangerous." It says that such defect may make danger possible, but not probable. This language in the MacPherson v. Buick Case, supra, is quoted: "There must be knowledge of a danger, not merely possible, but probable." There is a different situation here. The article was made for the express purpose of preventing injury.

Field v. Empire Case Goods Co., 179 App.Div. 253, 166 N.Y.S. 509, wherein the plaintiff claimed injuries through the collapse of a wooden bedstead; Cook v. Garside & Sons, Inc., 145 Misc. 577, 259 N.Y.S. 947, where injury is claimed to have resulted from defective construction of a heel of a shoe; Byers v. Flushovalve Co. (Sup.) 160 N.Y.S. 1050, affirmed 178 App. Div. 894, 164 N.Y.S. 1088, wherein the action is brought to recover for injuries resulting from the breaking of a knob on the end of a handle of a valve; and Favo v. Remington Arms Co., 67 App.Div. 414, 73 N.Y.S. 788, all cited by defendant, are not parallel and comparable in their facts, and in view of the opinion in MacPherson v. Buick Motor Co., supra, the opinions are to be limited to the facts in each case.

In Noble v. Sears Roebuck & Co. (D. C.) 12 F.Supp. 181, 182, it was held that the seller does not impliedly warrant against defects not discoverable by ordinary inspection or test, and it was said: "The complaint does not allege any specific breach of contract or specific act of negligence by the seller. * * * The complaint does not allege as against the seller, or at all, that the cooker was inherently dangerous to the life or limb of any one using it, nor that such dangerous condition, if any, was known or should have been known to the seller." In Smith v. S. S. Kresge Co. (C.C.A.) 79 F.(2d) 361, 363, an action was brought against the seller for damages resulting from the explosion of a water-waving comb. Defendant was a mere·retailer. Said the court in part: "The distinction between the liability of the 'manufacturer' and the 'seller,' where the latter serves as a middleman, is well settled. The former being the maker of the article knows of its dangerous content, and it is upon this principle that liability attaches."

In United States Radiator Corporation v. Henderson, supra, suit was brought against a manufacturer of a steam heating boiler on account of alleged negligent designing of the boiler, and there recovery was allowed upon the theory that the boiler was imminently dangerous and that the defendant was guilty of negligence. Citing many cases, the court said: "All of them go upon the principle that 'the manufacturer of an appliance, that will become

highly dangerous when put to the use for which it is designed and intended because of defects in its manufacture, owe to the public a duty, irrespective of any contractual relation, to use reasonable care in the manufacture of such appliances.'" In Employers' Liability Assur. Corporation, Ltd., v. Columbus McKinnon Chain Co. (D.C.) 13 F.(2d) 128, plaintiff sought to recover for certain employees' damages resulting from the breaking of a chain manufactured by the defendant. Motion was made to dismiss. The court held the complaint was sufficient. It was there contended that the defendant was not liable to third persons. The exception to the rule is clearly pointed out. Among other things, it is said: "The term 'imminently dangerous' does not imply that the article sold must at all times be imminently dangerous, such as poisons or explosives are known to be. * * * Although the chain in question was not inherently a dangerous thing, yet it seems to me that the question of liability to the persons injured, or their representatives, depends upon whether it was sold and delivered under a representation or warranty that it was designed to accomplish a certain specified purpose, and whether defendant was aware of the use to which the chain was to be put, and would be required to lift heavier articles at Retsof mine than its tensile strength warranted." This language is particularly applicable to the suit at bar.

Johnson v. Cadillac Motor Car Co. (C. C.A.) 261 F. 878, 886, 8 A.L.R. 1023, follows MacPherson v. Buick Motor Co., supra. The Circuit Court of Appeals for this circuit in the Cadillac Case reversed its prior decision in Cadillac Motor Car Co. v. Johnson, 221 F. 801, L.R.A.1915E, 287, Ann.Cas.1917E, 581. It is of moment to cite from this reversal opinion: "We cannot believe that the liability of a manufacturer of automobiles has any analogy to the liability of a manufacturer of 'tables, chairs, pictures or mirrors hung on walls.' The analogy is rather that of a manufacturer of unwholesome food or of a poisonous drug. It is every bit as dangerous to put upon the market an automobile with rotten spokes as it is to send out to the trade rotten foodstuffs."

In Goullon v. Ford Motor Co. (C.C.A.) 44 F.(2d) 310, 311, the rim on a steering wheel of a tractor broke. Plaintiff, a third party, sued to recover. The court, reversing the trial court which dismissed the complaint, said: "We conclude, therefore, the jury might rightly have found that, if this steering wheel was so defective that it might break under the strain of use which the manufacturer should reasonably expect, the defect was of the character reasonably certain to place life and limb in peril." This language is particularly pertinent here. In Doughnut Mach. Corporation v. Bibbey (C.C.A.) 65 F.(2d) 634, 635, suit was brought by lessee against the lessor. The question of liability to third persons was not involved. But discussing the question of inherent danger, the court said: "While the machine may not have been inherently dangerous, it was imminently dangerous, when so made as to jam and throw hot fat into the face of the operator. We hold that there was a duty on the manufacturer of a machine not to put it out, negligently, in such a condition, that it was likely to go wrong and endanger the buyer or lessee, operating the machine exactly as it was intended to be operated." This language was also in point. In Lynch v. International Harvester Co. of America (C. A.) 60 F.(2d) 223, plaintiff sued to recover on account of injuries occurring while he was operating a machine made and sold by the defendant. Plaintiff was a purchaser from the defendant. The covering on top of the machine gave way. The District Court sustained the demurrer. The Circuit Court of Appeals sustained the District Court, but stated that there was no allegation that the defendant knew the machine was imminently dangerous to life and limb, and that there could be no recovery unless they were known to the seller and the resulting injury was one that could be reasonably anticipated by the seller. The court seeks to differentiate this case from the MacPherson v. Buick Case upon the ground that in that case the defect was latent while in that present case it was obvious.

The complaint, in my opinion, states facts sufficient to sustain a cause of action in negligence.

Plaintiff cannot recover for breach of warranty. The language in the opinions in the cases hereinbefore cited and many authorities support the position that such an action cannot be maintained. The pleading in its entirety is a pleading in negligence. It is admitted by the plaintiff that plaintiff does not seek to recover on breach of warranty. The plaintiff having taken this position, it may not be necessary to

pass upon the question of the motion for an order striking out certain allegations of breach of warranty. However, the motion should be granted in certain respects and denied in others. .

As to paragraph V, the motion is denied.

As to paragraph VI, the motion is denied.

As to paragraph VIII, the motion is denied, but these words should be stricken from the paragraph: "Upon the representations set forth in paragraphs 'VI' and 'VII.'"

As to paragraph X, the word "misrepresentation" may be stricken; otherwise the motion is denied.

As to paragraph XII, the motion is denied.

· As to paragraph XIII, the motion is denied, except that there may be stricken the following language: "That the defendant falsely represented that the glass so manufactured was not shatterable and that it would not break or fly, and thus eliminating the danger of injury from flying glass."

As to paragraph XIV, strike out the following: "That the plaintiff herein relied upon the representations made by the defendant," and as to the balance of the motion, it is denied.