**STANDARD CONVEYOR COMPANY,**
a corporation, Appellant,

v.

**Walter SCOTT, an Infant, by Ernest Scott,**
**his next Friend, Appellee.**

**No. 15174.**

United States Court of Appeals,
Eighth Circuit.

April 7, 1955.

Rehearing Denied May 3, 1955.

Ernest E. Baker, St. Louis, Mo. (Alexander & Robertson and L. A. Robertson, St. Louis, Mo., were with him on the brief), for appellant.

J. C. Jaeckel, St. Louis, Mo. (F. X. Cleary, and Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, Mo., were with him on the brief), for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

Plaintiff (appellee) brought this action to recover damages for personal injuries. The case was tried to a jury and resulted in a verdict for the plaintiff. At the time of the injury, plaintiff, a 17-year-old youth, was an employee of the Schneithorst Concessions at the St. Louis Municipal Airport. Schneithorst Concessions was engaged in preparing food to be served to airplane passengers. The food was transported to the airplanes in aluminum containers. The containers were placed on a power-driven belt conveyor at the basement level of the building and carried upward thereon to the ground level, where they were discharged by the belt conveyor onto a gravity roller conveyor, from which they were loaded onto trucks.

Defendant (appellant) by contract with Schneithorst, had manufactured and installed both the power-driven belt conveyor and the fixed roller gravity conveyor. It had completed installation of the conveyors prior to the injury. Schneithorst Concessions, plaintiff's employer, was in complete charge and possession at all times in question. One of plaintiff's duties was to lift the food containers from the roller conveyor and place them upon trucks. On the occasion of the injury and while he was so engaged, a large container came up the belt conveyor and caught at the junction between the two conveyors. This sometimes occurred when containers were placed on the belt conveyor in a crooked position or improper angle. Plaintiff had been told to push the containers over when this occurred. He attempted to do this, but his right hand, which was damp from perspiration, slipped and went between the belt conveyor and the first roller of the gravity conveyor. There was accessible to the plaintiff or to anyone dislodging food containers at the junction of the two conveyors a device whereby the power-driven conveyor could be stopped or reversed. Upon being unable to pull his hand out of the conveyor, plaintiff stopped the conveyor and then reversed it, thus releasing his hand. He sustained some partial permanent disability to his right hand in that the thumb is limited in motion away from the rest of the hand and the skin which was grafted on the palm of the hand cracks and is more tender than natural palm skin so it is necessary for him to

put vaseline on the hand or to use a glove when working.

Plaintiff charges that defendant negligently designed, manufactured and installed the conveyors. The specific negligence complained of is that the space between the end of the belt of the power-driven conveyor and the first fixed roller of the gravity conveyor was too narrow and was such that a person's hand would be injured if caught between the belt and the fixed roller.

At the close of all the evidence defendant moved for a directed verdict. Its motion was denied. The jury returned a verdict in favor of plaintiff for $25,000.-00. Subsequent to the jury's verdict and the entry of judgment thereon, defendant moved that the verdict and judgment be set aside and for judgment in its favor in accordance with its prior motion for a directed verdict, or in the alternative for a new trial. The trial court denied defendant's motion for judgment, but directed that the alternative motion for a new trial be granted unless plaintiff within ten days should remit $7,000 of the amount of the judgment. Plaintiff filed such a remittitur, and the court entered an order denying defendant's alternative motion for a new trial. Defendant has appealed from the judgment.

Defendant's first ground for appeal is that the trial court erred in denying its motion for a directed verdict. Such motion was based upon the following grounds:

1. Because the evidence shows that plaintiff was negligent as a matter of law, and that such negligence directly and proximately caused or contributed to cause his injury.

2. Because the evidence fails to show that defendant committed any act of negligence in the design, manufacture and sale of the conveyor belt and conveyor roller in question.

3. Because the evidence fails to show that defendant committed any act of negligence that directly and proximately caused or contributed to cause plaintiff's injury.

4. Because the evidence fails to show facts upon which plaintiff is entitled to recover against defendant.

■■ As the manufacturer and installer of the conveyor equipment, defendant's responsibility is a limited one. The general rule, as stated in Employers' Liability Assur. Corp., Ltd. v. Columbus McKinnon Chain Co., D.C.W.D.N.Y.1926, 13 F.2d 128, is as follows:

" * * * the general rule being 'that a manufacturer or seller is not liable to third persons, who have no contractual relations with him, for negligence in the construction, manufacture, or sale of articles manufactured or sold.' There are, however, exceptions to this broad rule; e. g., where the article sold is inherently or imminently dangerous. The term 'imminently dangerous' does not imply that the article sold must at all times be imminently dangerous, such as poisons or explosives are known to be. It suffices if the nature and quality of the thing sold is reasonably certain, as Judge Cardozo said in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas. 1916C, 440, to place life or limb in peril, and was negligently made, for then it became a thing of danger."

We are in this case bound by the law of the State of Missouri. The Supreme Court of that state, in the case of Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S.W.2d 240, 243, 117 A.L.R. 1414, has stated the rule in this fashion:

"These cases, as well as the McLeod Case [McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W. 2d 122], do not impose upon a manufacturer the obligation of an insurer. The action sounds in tort, is based on negligence, and the legal obligation cast by the cases upon a manufacturer requires the exercise of due

care in manufacturing and marketing merchandise imminently, intrinsically, inherently, or essentially dangerous in itself or when applied to its intended use."

■ Plaintiff claims here that installing the power-operated portion of the equipment with only ⅜ths inch clearance between the moving belt and the fixed roller created a condition "inherently or imminently dangerous" and that therefore defendant is responsible. The persons who installed the equipment stated in substance that it was necessary for the two conveyors to be close together so that the packages to be conveyed would not tip into the space between the two conveyors and thus stop. It is the narrowness of this space of which complaint is made. If placing the conveyors ⅜ths of an inch apart was negligence, what then was the proper distance? A smaller space, instead of preventing a hand from going between the conveyors, might have made for a more severe injury. A greater space might allow an arm or a foot to become involved. It cannot be said, as plaintiff would have us say, that a ⅜ths inch space is negligence and another size is not. The placing of the conveyors only ⅜ths of an inch apart did not create an inherently or imminently dangerous condition.

It is perfectly obvious that there was nothing latent, hidden or defective about the condition and that the distance between the two conveyors was open and obvious for all to see. We do not believe it can be said that the condition was inherently or imminently dangerous any more than any moving machinery may be said to be inherently or imminently dangerous. To hold the manufacturer and installer of this equipment liable for injuries would be tantamount to holding the manufacturer and installer of any moving machinery responsible for all injuries connected with its use.

Plaintiff relies quite strongly upon the case of McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W.2d 122. That case is easily distinguishable on the facts. Therein plaintiff's father purchased from defendant manufactured oxygen in steel tanks having an outlet valve at the top of each tank. The tanks remained the property of the defendant and were returned to them when empty. Fifteen minutes after the delivery of a tank, an employee undertook to permit oxygen to flow from the tank. The oxygen did not flow and the tank seemed to be empty. It was placed to one side without closing the valve. It appeared, however, that the valve had become clogged by rust and other substances which, upon being subjected to a pressure of 1800 pounds per square inch, suddenly cleared the valve and the gas escaped in an explosive manner, whereby plaintiff was seriously injured.

The dangerous condition or situation in the McLeod case was not known to the plaintiff or plaintiff's employer, could not be seen and was in no way obvious. The tank, because of its defective condition, became imminently dangerous and defendant was held responsible for the resulting injury.

In order to hold defendant responsible in the instant case, it must be found that the conveyors were inherently or imminently dangerous. The record justifies no such conclusion.

Defendant's motion for judgment notwithstanding the verdict should have been granted. The case is reversed with instructions to enter judgment for the defendant.