Donald S. Taylor, J.
The defendant, the Studebaker-Packard Corporation, moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action.
*518 The plaintiff not in privity with the defendant manufacturer of a motor vehicle sues in automobile negligence to recover for personal injuries. Her brief contends that the allegations contained in paragraph 25 of the complaint, as amplified by paragraph 29 thereof, sustain its legal sufficiency under the doctrine originally enunciated in McPherson v. Buick Motor Co. (217 N. Y. 882). They read as follows: “25. That the aforesaid automobile was constructed in a most unusual, unorthodox and unsafe manner in that the right rear door thereof was hinged at the rear side of said door, rather than being hinged at a door post at the middle of said automobile, and in that there was built or constructed on the inside of said right rear door two silver plated handles, the function of one of which was to open and close said door and the other of which was to open and close the window of said door, but the said handles were so similar in appearance and construction that a person unfamiliar with their construction or purpose, such as the plaintiff, and in the absence of any label or notice, would not be reasonably warned or apprised of their respective and individual functions. 29. That the said Studebaker Corporation owed the duty to the plaintiff to warn, among other things, of the dangerous manner in which said right rear door of said automobile was constructed, and of the function of the aforesaid two similarly appearing silver plated handles on the inside of said right rear door, but the said Studebaker Corporation completely failed to give any such notice or warning, for which negligent omission the defendant, The Studebaker-Packard Corporation is liable by reason of its merger agreement with the said Studebacker Corporation, as heretofore alleged.”
A fair analysis of these recitals makes it manifest that the plaintiff complains of nothing which relates to the existence of a latent defect or a concealed danger in either design or construction against which the manufacturer owed the duty to guard a remote user of its product. The omission of such allegations is fatal to the pleading. (Amason v. Ford Motor Co., 80 F. 2d 265; Inman v. Binghamton Housing Auth., 3 N Y 2d 137; Campo v. Scofield, 276 App. Div. 413, affd. 301 N. Y. 468; Cohen v. Brockway Motor Truck Corp., 240 App. Div. 18.) The motion is granted, with leave to the plaintiff to replead within 20 days if so advised.
Submit order accordingly.